## GOODWIN & Wife *v.* COLORADO MORTGAGE INVESTMENT COMPANY OF LONDON (Limited).

### IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted December 20th, 1883.—Decided January 7th, 1884.

*Colorado—Corporations—Husband and Wife—Pleadings.*

1. A certificate signed and acknowledged by the president and secretary of a foreign corporation, and filed with the Secretary of State and in the office of the recorder of deeds for the county in which it is proposed to carry on business, stating that " the principal place where the business shall be carried on in the State of Colorado shall be at Denver, in the County of Arapahoe, in said State, and that the general manager of said corporation, residing at the said principal place of business, is the agent upon whom process may be served in all suits that may be commenced against said corporation," is a sufficient compliance with the requirements of the Constitution and laws of Colorado in that respect.

2. The separate plea of a married woman which sets up the homestead law of Colorado as a defence against an action for the recovery of real estate is bad if it fails to aver that the word " homestead " is written on the margin of the recorded title of the premises occupied as a homestead, as required by law, even if it also aver a defective acknowledgment by the wife.

Action to recover possession of land. The plaintiffs claimed title through a sale under decree of foreclosure of a mortgage

1

of the premises executed by the defendants. Several defences were interposed, but the assignment of errors related only to the following. The defendant Elizabeth Goodwin, in her amended separate answer, answered:

"That at the time of execution of the said mortgage deed, the plaintiff well knew that said lands and premises were occupied by the said Harrison and Elizabeth as their homestead ; and that the said Harrison was a householder, and that this defendant was the lawful wife of the said Harrison and residing with him."

The plaintiff demurred to this plea and the demurrer was sustained. This was one assigned error.

An amended joint answer made the following averments :

"And the said defendants in fact say that the said plaintiff long before and at the time of the execution of the said pretended deed conveyance of the said Harrison Goodwin unto the said David H. Maffat, jr., was and still is a foreign corporation, not organized or existing under any law of the State of Colorado, but organized and existing under the statutes of the United Kingdom of Great Britain and Ireland, and being such foreign corporation the said plaintiff, on or about the 29th day of August, A. D. 1877, caused to be filed in the office of the Secretary of State of the said State of Colorado and in the office of the recorder of Arapahoe County a certain certificate in words and figures as follows, to wit :

We, the undersigned, president and secretary of the Colorado Mortgage and Investment Company of London (Limited), hereby certify that the principal place where the business of said corporation shall be carried on in the State of Colorado shall be at Denver, in the County of Arapahoe, in said State, and that the general manager of said corporation residing at the said principal place of business is the agent upon whom process may be served in all suits that may be commenced against said corporation.

[Here follow the signatures and acknowledgment.]

And save as aforesaid the said plaintiff hath never at any time hitherto caused to be filed with the Secretary of the State of Colorado, nor in the office of the recorder of any county in said State, any certificate signed by the president and secretary of

said plaintiff, or acknowledged, designating the principal place where the business of the said corporation shall be carried on in this State, or any authorized agent in this State, residing at its principal place of business, upon whom process may be served, nor hath plaintiff at any time hereto filed in the office of the recorder of deeds of the said County of Boulder, any such certificate whatsoever signed by the president or secretary of the said plaintiff, designating the principal place where the business of said plaintiff will be carried on in this State, or any authorized agent or agents in this State, residing at its principal place of business upon whom process may be served—and the defendants say that the said pretended conveyance of the said Harrison so assumed and pretended to be executed to the said David H. Maffatt, Jr., was executed and delivered at the said County of Boulder and not elsewhere, and the moneys therein recited to be payable to the plaintiff, were moneys by the said plaintiff lent to the said Harrison at the said County of Boulder, contrary to the constitution of the State of Colorado, and the statute in such case made and provided.

Plaintiffs demurred to all of this answer, save the last paragraph, which demurrer was sustained. This was also assigned as error.

Judgment being rendered for plaintiff, defendants sued out their writ of error.

*Mr. E. T. Wells* for plaintiffs in error.

No appearance for defendant in error.

Mr. JUSTICE HARLAN delivered the opinion of the court.

The Colorado Mortgage and Investment Company of London (Limited), a corporation organized under the laws of the United Kingdom of Great Britain and Ireland, brought this action against Harrison Goodwin and Elizabeth Goodwin, his wife, to recover the possession of certain real estate in Colorado, and damages for withholding the same. In conformity with a written stipulation by the parties, the case was tried by the court without the intervention of a jury, and judgment rendered for the plaintiff.

The lands in controversy were conveyed by Harrison Goodwin to David H. Maffat, jr., in trust to secure certain promissory notes executed by the grantor to the plaintiff, and made payable at Denver, Colorado. The deed provided that in case of default in the payment of the principal or interest of either of the notes, the trustee, on application in writing of the legal holder of the notes, might sell the premises at public auction, after giving four weeks' previous notice of the time and place of sale by advertisement in any newspaper published in Boulder County (where, as we infer, the lands lie), and from the proceeds pay the principal and interest of the notes, whether due and payable by the tenor thereof or not.

There was such default, and under the authority given by the deed of trust the lands were sold, the plaintiff becoming the purchaser, and receiving a conveyance therefor from the trustee.

The wife of Goodwin filed a separate answer, in which, among other things, it is alleged, that at the time of the execution of the deed of trust, the premises in controversy were, as plaintiff well knew, occupied by her husband and herself as their homestead, and that her husband was a householder. By these allegations it was intended to question the validity, under the laws of Colorado, of the sale of the premises, in pursuance of the before-mentioned deed of trust.

The statutes of Colorado, General Laws of Colorado, 1877, ch. 46, provide that every householder in that State,

"being the head of a family, shall be entitled to a homestead not exceeding in value the sum of $2,000, exempt from execution and attachment arising from any debt, contract, or civil obligation entered into or incurred after the first day of February, in the year of our Lord 1868" § 1 ; that "to entitle any person to the benefits of this act, he shall cause the word 'homestead' to be entered of record on the margin of his recorded title to the same" § 2 ; that "such homestead shall only be exempt, as provided in the first section of this act, while occupied as such by the owner thereof or his or her family" § 3 ; that "when any person dies seized of a homestead, leaving a widow, . . . such widow

. .. . shall be entitled to the homestead " § 4 ; and that " nothing in this act shall be construed to prevent the owner and occupier of any homestead from voluntarily mortgaging the same : *Provided,* no such mortgage shall be binding against the wife of any married man who may be occupying the premises with him, unless she shall freely and voluntarily, separate and apart from her husband, sign and acknowledge the same, and the officer taking such acknowledgment shall fully apprise her of her rights and the effect of signing such mortgage " § 6.

The assignments of error do not present any question as to the sufficiency of that part of Mrs. Goodwin's answer which impeaches the truth of the officer's certificate of her acknowledgment of the trust deed. But had they done so, it is sufficient, upon this branch of the case, to say that no one is entitled to the benefits of the foregoing statutory provisions unless the word " homestead " be entered on the margin of the recorded title of the premises occupied as a homestead. Such are the express words of the statute, and there is no room left for construction. We are not at liberty to say that the legislature intended actual notice to creditors of the occupancy of particular premises as a homestead to be equivalent to the entry on the record of title of the word " homestead." The requirement that the record of the title shall show that the premises are occupied as a homestead before any person can become entitled to the benefits of the statute, is absolute and unconditional. As the answer of Mrs. Goodwin did not show a compliance, in that respect, with the statute, it was fatally defective.

The Constitution of Colorado provides, Art. XV. § 10, that

" no foreign corporation shall do any business in this [that] State without one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served."

The statutes of the State provide that

" foreign corporations shall, before they are authorized or permitted to do any business in this State, make and file a certificate

signed by the president and secretary of such corporation, duly acknowledged, with the Secretary of State and in the office of the recorder of deeds of the county in which such business is carried on, designating the principal place where the business of such corporation shall be carried on in this State, and an authorized agent or agents in this State, residing at its principal place of business, upon whom process may be served." General Laws of Colorado, 1877, ch. 19, § 23.

Prior to the execution of the before-mentioned deed of trust or of the notes secured by it, the plaintiff caused to be filed in the office of the Secretary of State of Colorado and in the office of the recorder of Arapahoe County, a certificate signed by its president and secretary, and duly acknowledged, which stated

"that the principal place where the business of said corporation shall be carried on in the State of Colorado shall be at Denver, in the county of Arapahoe, in said State, and that the general manager of said corporation, residing at the said principal place of business, is the agent upon whom process may be served in all suits that may be commenced against [said] corporation."

The contention of plaintiffs in error is that this certificate is materially defective, in that it does not designate the particular individual by name upon whom, as the agent of the corporation, process may be served; that until this foreign corporation filed such a certificate as the statute required, it was prohibited by the Constitution and laws of Colorado from doing any business in that State; and, consequently, that this deed of trust, executed and delivered in Colorado, and upon which its title to the premises in controversy rests, was void.

We are of opinion that the certificate in question was in substantial conformity to the law. The requirement of the statute was met by the designation of the "general manager" of the corporation, residing at its principal place of business, as agent to receive service of process. It was not necessary, as we think, to give the name of the particular person who happened, at the date of the certificate, to fill that position. The object of the statute could be best subserved by a certificate of

the character filed, for the obvious reason that the death or resignation of the incumbent would not long interfere with the bringing of suits against the corporation. Had there been, when the certificate was filed, no such officer of the corporation as a general manager, there would have been ground to contend that it had not performed the condition essential to its authority to do business in the State. But the answer makes no claim of that kind, but assumes that it was necessary to give the name of some individual upon whom process against the corporation might be served. We do not concur in this construction of the statute.

None of the points made by counsel for plaintiffs in error can be sustained, and the judgment must be affirmed.

*It is so ordered.*