IDA KURLAND et al., Appellants, *v.* LOUIS CHERNOBIL, Defendant, and GEORGE LEHMANN, Respondent.

(Argued October 20, 1932; decided November 22, 1932.)

*Charles Glatzer, David Fink* and *Jacquin Fink* for appellants. Section 52-a of the Vehicle and Traffic Law is a remedial statute affecting a mode of procedure and should be given a retroactive effect. (*Lazarus* v. *Metropolitan Elevated Ry. Co.*, 145 N. Y. 585; *Laird* v. *Carton*, 196 N. Y. 169; *Matter of Potter*, 175 N. Y. Supp. 598; *Davidoff* v. *Chipornoi*, 166 N. Y. Supp. 999; *Fairclough* v. *Southern Pac. Co.*, 157 N. Y. Supp. 862; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Deuscher* v. *Cammerano*, 256 N. Y. 328; *Cahill* v. *Wissner*, 170 N. Y. Supp. 1000; *Christiano* v. *Christiano*, 197 N. Y. Supp. 72; *Berkowitz* v. *Arbib & Houlberg, Inc.*, 230 N. Y. 269.)

*Irving I. Goldsmith* and *Harry A. Talbot* for respondent. The defendant-respondent was a non-resident of the State of New York when section 52-a of the Vehicle and Traffic Law became effective and service thereunder upon him does not constitute due process. (*Pennoyer* v. *Neff*, 95 U. S. 704; *Flexner* v. *Farson*, 248 U. S. 289.) Section 52-a of the Vehicle and Traffic Law is not retroactive and does not apply to an accident occurring before the enactment of the statute. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Matter of Miller*, 110 N. Y. 216; *Matter of Beckford* v. *Cheshire*, 128 Misc. Rep. 10; *Hess* v. *Powlowski*, 274 U. S. 352; *Simon* v. *Southern Ry. Co.*, 236 U. S. 115; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432; *O'Tier* v. *Sell*, 252 N. Y. 400; *Gesell* v. *Wells*, 229 App. Div. 11; *Baris* v. *Fredericks*, 148 N. E. Rep. 360; *Rosenthal* v. *Liss*, 169 N. E. Rep. 142.)

O'BRIEN, J. In September, 1929, plaintiffs were injured in a collision between automobiles operated in this State respectively by defendants Chernobil and

Lehmann. Shortly thereafter this action was instituted and, although Lehmann was then a resident of this State, Chernobil was made sole party defendant. After Lehmann had become a resident of California, section 52-a of the Vehicle and Traffic Law (Cons. Laws, ch. 71) was enacted and on March 27, 1931, it became effective. A month later Lehmann was named as defendant in a supplemental summons and complaint and a copy was served upon the Secretary of State of New York as Lehmann's assumed representative in attempted compliance with the new statute. The motion to set aside this process was denied at Special Term but the order of denial has been reversed. Unless the statute is retroactive it can have no application to the facts before us and the order of the Appellate Division is right. This is the language of section 52-a:

" § 52-a. Service of summons on residents, who remove from the state prior to the commencement of action against them. The operation by a resident of a motor cycle or a motor vehicle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle or motor cycle owned by such resident, if operated by his consent or permission, either express or implied, shall, in all cases where such resident shall have removed from this state, prior to the service of legal process upon him in actions hereafter described, and shall have been absent therefrom for thirty days continuously, be deemed equivalent to an appointment by such resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such resident may be involved while operating a motor vehicle on such public highway, or in which such motor vehicle or motor cycle may be involved while being operated on such a highway with the consent, express or implied, of such resident owner; and such operation shall be deemed a signification of his agreement

that such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state. Service of such summons shall be made in the same manner, and with the same force and effect, as specified and set forth for the service of a summons upon a non-resident in section fifty-two of this chapter. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

The power thus conferred to effect lawful service of process, in an action *in. personam*, upon a public officer designated as agent for one who may become a non-resident rests solely on an implied consent that the operation of a motor vehicle on a highway of this State shall constitute an agreement that the service of such process shall possess the same validity as personal service upon defendant within the State. This agreement of course is not actual, it is merely constructive and in the absence of the statute creating the implication no consent could be deemed to exist. When this defendant operated his car on our highways, certainly he did not in fact agree to vest the Secretary of State with any power of agency for the receipt of service of process. At that time no presumption had been established, for the presumption exists only by reason of statutory enactment and no statute applicable to persons of his class was then effective. Section 52-a must, therefore, be held to operate only prospectively and to relate exclusively to those who as residents use the highways of this State subsequent to the passage of the act and who later become non-residents.

The order should be affirmed, with costs, and the question certified answered, " No."

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Order affirmed, etc.