CONTINENTAL CASUALTY COMPANY, Plaintiff, *v.* HOWARD W. NELSON, Defendant.

Supreme Court, Wyoming County, May 31, 1933.

*Woodworth & Brown* [*Harry M. Brown* of counsel], for the plaintiff.

*Leonard R. Lipowicz,* for the defendant.

HARRIS, J. This is a motion to set aside and vacate the service of the summons herein, which summons was served in compliance with the provisions of section 52-a of the Vehicle and Traffic Law.

Two grounds are stated for this motion. One of these grounds is that the notice directed to the defendant is misleading and not in accordance with the notice required by section 52-a. The notice as served stated that it was made pursuant to sections 52 and 52-a of the Vehicle and Traffic Law. The contention of the defendant is that the notice should state only that it was made pursuant to the provisions of section 52-a. The statute itself (§ 52-a) provides that " service of such summons shall be made in the same manner, and with the same force and effect as specified and set forth for the service of a summons upon a nonresident in section fifty-two of this chapter," and the reference to section 52 in the notice served herein

must necessarily refer to the quotation hereinbefore made, and the reference to section 52 is to be regarded as being contained in the notice simply as an amplification of the reference to section 52-a, and, therefore, this attack upon the service must be regarded as untenable.

The second ground of attack on the summons is based upon the argument that the accident in question occurred prior to the enactment of section 52-a of the Vehicle and Traffic Law and that such section is not retroactive in effect. As authority for this contention the defendant cites the case of *Kurland* v. *Chernobil* (260 N. Y. 254), recently decided by the learned Court of Appeals. In this case so reported the accident which was the subject of litigation had occurred, and the defendant had become a non-resident of this State, prior to the enactment of section 52-a of the Vehicle and Traffic Law. In the action at bar it may be deduced from the papers that, although the accident therein the subject of litigation occurred prior to the enactment of section 52-a, the defendant herein remained a resident of the State and probably operated a motor vehicle on its highways, and after the date of such statute becoming of effect (March 27, 1931). So, as to the continuance of residence and the probable operation of a vehicle on the highways, this case can be distinguished from the facts in the case of *Kurland* v. *Chernobil* (*supra*). The question then arises, Do these additional facts, if they exist, give sufficient reason to sustain the service in this action? Section 52-a reads as follows: " The operation by a resident of a motor cycle or a motor vehicle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle or motor cycle owned by such resident, if operated by his consent or permission, either express or implied, shall, in all cases, where such resident shall have removed from this state, prior to the service of legal process upon him in actions hereafter described, and shall have been absent therefrom for thirty days continuously, be deemed equivalent to an appointment by such resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such resident may be involved while operating a motor vehicle on such public highway, or in which such motor vehicle or motor cycle may be involved while being operated on such a highway with the consent, express or implied, of such resident owner; and such operation shall be deemed a signification of his agreement that such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state. Service of such summons shall be made in the same manner, and with the same force and effect, as

specified and set forth for the service of a summons upon a non-resident in section fifty-two of this chapter. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

On a somewhat similar state of facts, so far as the later operation of the motor vehicle was concerned (although the defendant therein was a non-resident), the Supreme Judicial Court of the State of Massachusetts has construed the statute of that State (*Paraboschi* v. *Shaw*, 258 Mass. 531) as not being retroactive, even though the vehicle were operated in the State after the enactment of the statute and after an accident which occurred before the enactment of the statute.

It is argued on behalf of the plaintiff herein that the language of the statute is such that it must be regarded as retroactive in its effect. There is no doubt in the mind of the court that this is a statute that involves procedure and not a substantive right and that the Legislature could, if it desired, make the statute, by language or intendment, retroactive. The question is, Has the Legislature done so? In *Paraboschi* v. *Shaw* (*supra*) the learned Massachusetts court held that the words "may be involved while operating" should be construed as meaning "may be involved while so operating." Our learned Court of Appeals in *Kurland* v. *Chernobil* (*supra*) has stated (at p. 257): "Section 52-a must, therefore, be held to operate only prospectively and to relate exclusively to those who as residents use the highways of this State subsequent to the passage of the act and who later become non-residents." The question is whether the Court of Appeals meant that the operation of the statute required that both the accident and the use occur subsequent to the passage of the act, or merely that the use should continue until subsequent to the passage of the act. When the language of a statute is clear and unambiguous, then the court has no right to change such language, although the court has no right to make a narrow interpretation and thus prevent the carrying out of the intention of the Legislature and the curing of a situation at which the statute is aimed. (*Glennie* v. *Falls Equipment Co., Inc.*, 238 App. Div. 7, 11, and cases there cited and discussed.)

Applying this rule of construction, we find the State intended to correct the situation under which a serious accident could occur from the reckless or negligent use of an automobile and then the driver of the automobile or owner of the automobile could avoid responsibility by leaving the State. It cannot be doubted the statute was properly enacted in pursuance of the police power of the State. The sole question here involved is the meaning of the Legislature on the period of time to be covered by the statute. The thought that

strikes one in reading such statute and the words " growing out of any accident or collision in which such resident may be involved while operating * * * or in which such motor vehicle or motor cycle may be involved while being operated," is that the language is addressed to the future. If the Legislature desired it to refer both to the future and the past, it readily could have said " may be involved or may have been involved." This court, therefore, holds that the statute is intended only to cover accidents occurring after the enactment of the statute and its date of becoming of force and from the operation of motor vehicles after such date. For this reason the motion to set aside the service of the summons is granted.