STATE OF WEST VIRGINIA *v.* A. G. WIMMER

(No. 8387)

Submitted May 6, 1936.   Decided May 26, 1936.

*H. A. Ritz, R. K. Talbott,* and *B. J. Pettigrew,* for plaintiff in error.

*Homer. A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

WOODS, JUDGE:

The defendant, who holds an "operator's license," was arraigned and convicted before a justice of Kanawha County on a warrant charging that on the 17th day of October, 1935, he did then and there "unlawfully operate a motor vehicle upon the public roads of said county, U. S. Route 13 of said county, without first having obtained from the State Road Commission of West Virginia an operator's license (chauffeur's license or learner's permit) ; namely chauffeur's license in violation of section 26, Art. 6, chapter 17 of the Code," etc.   An appeal was taken to the intermediate court, with like results.   The case is here on a judgment of the circuit court refusing a writ of error to a judgment of the intermediate court.

It is the contention of the defendant that the warrant was misleading and insufficient, and did not aver facts

essential to charge a crime. Section 26 of the article and chapter aforesaid, provides: "Every person operating a motor vehicle or tractor on a public highway of this state shall have his learner's permit, operator's license or chauffeur's license, as the case may be, in his immediate possession when so operating." The warrant, when read in the light of the foregoing statutory provision, noted therein, charges the defendant with the operation of a motor vehicle as a chauffeur, without having a license so to do. The mere fact that the section does not declare such omission to be a misdemeanor and provide penalty therefor (the same being left to a subsequent section of the same article) does not, in our opinion, vitiate the warrant's sufficiency. We have held quite generally that an indictment substantially in the language of the statute is ordinarily sufficient. *State* v. *Nazel,* 109 W. Va. 617, 156 S. E. 45; *State* v. *Schnelle,* 24 W. Va. 767; *State* v. *Boggess,* 36 W. Va. 713, 15 S. E. 423; *State* v. *Pennington,* 41 W. Va. 599, 23 S. E. 918. So, we conclude that while the warrant is very loosely drawn, it is sufficient to advise the defendant of the offense charged, and to protect him from being placed in further jeopardy for the same offense.

The evidence introduced at the trial in the intermediate court shows that defendant was employed as field superintendent of the oil department of the Virginian Gasoline & Oil Company; that his duties take him to various leases operated by his employer; that he uses an automobile, furnished by his employer, for the purpose of reaching said leases, and occasionally hauls things needed on the job; that up to two years ago he used a horse; that his position is not dependent upon his ability to operate a car; that he receives a salary as field superintendent; that the operation of the car is a mere incident to, and not a part of, his employment.

" 'Chauffeur' ", according to Code 1931, 17-1-17, "shall mean and include any person who operates for hire, or who receives pay directly or indirectly to operate, any motor vehicle or tractor, or who operates a motor vehicle

for the transportation of persons or property, or both, for compensation, upon the public highways."

Did the defendant herein operate the automobile in question for compensation? The attorney general, in a letter to the Superintendent of Public Safety, incorporated in and made part of the brief on behalf of the state, admits that whether one receives compensation to operate an automobile within the meaning of the statute aforesaid is a matter of much delicacy, and advises against arrests in questionable cases.

Statutes of the kind under consideration must be strictly construed, and not extended by implication to persons not coming clearly within their terms. A practical construction of the statutory definition of the word "chauffeur" (Code 1931, 17-1-17), in view of the penalty for operating without such a license (Code 1931, 17-6-26, 30), would include those who actually operate upon the highways of the state an automobile or tractor in which they have an interest, for hire, or who are employed to operate the automobile of another. As indicated in the definition, the fact that the vehicle is operated for or in contemplation of compensation controls. 42 C. J., 743; 1 Blashfield Cyc. Auto. Law & Prac., 378, sec. 565; *Com.* v. *Cooper,* 37 Pa. Co. Ct. R. 277, 282, 285; *Day* v. *Bush,* 18 La. App. 682, 684, 139 So. 42; *People* v. *Dennis,* 166 N. Y. S. 318, 319.

The court, in the last cited case, was confronted with a like question under a statute of similar import. There, the defendant was employed by a telephone company as a "troubleman." His duties required him to proceed expeditiously to telephones which were reported out of order and repair the same, so that the service might be efficiently resumed with the greatest possible haste. His employer furnished him an automobile, which was used exclusively to convey himself and tools and materials that were necessary for him to use in performance of his work. He received no additional compensation because of his ability to operate the automobile, since it appears that he received the same compensation, both prior to

and during the time he used the automobile. The court, in holding him not a chauffeur within the meaning of the Motor Vehicle Law, said: "I am unconvinced, by any legal definition or authority to which my attention has been directed, that the term 'chauffeur', as employed in the law in question, is sufficiently comprehensive to include within its provisions a person whose only duty of driving a motor car is to convey himself and the tools and implements and materials that are necessary for him to use in the doing of his work to the place where he is called upon to perform such work. The only use he made of the motor car was merely incidental to his regular employment. His duties were principally and substantially those of repairing telephones that were out of order."

If it had been the desire of the law-making body to require all who operate an automobile as an incident to their regular employment to first secure a chauffeur's license, it should have so provided.

The judgment is therefore reversed and the case remanded for a new trial.

*Reversed; new trial awarded.*