## WOOD v. WHITE et al.

### No. 7089.

United States Court of Appeals for the District of Columbia.

Decided April 11, 1938.

Henry I. Quinn and William T. Hannan, both of Washington, D. C., for appellant.

Abraham Chasanow, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellees commenced four separate actions against appellant in the District Court of the United States for the District of Columbia for damages alleged to have resulted from an automobile collision which occurred in the District. Service of process was obtained upon the director of vehicles and traffic in the District of Columbia and upon appellant in the state of Florida, pursuant to the provisions of the Financial Responsibility Act of the District of Columbia. Section 255b, Tit. 6, D.C.Code, Supp. III, 1937, section 3, Act of May 3, 1935, 49 Stat. 167. Appellant filed pleas in abatement to each action, alleging that at the time of the collision she was an actual bona fide resident of the District and continued to be until she moved to the state of Florida several weeks thereafter; that, consequently, the attempt to make service upon her by serving the

director of vehicles and traffic was improper and of no effect.

From an order of the lower court, sustaining demurrers to the pleas, we allowed this special appeal. The cases were consolidated for hearing in this court.

The sole question presented is whether the Financial Responsibility Act, authorizing substituted service upon a nonresident, applies to one who was a resident of the District of Columbia at the time of the collision and who became a nonresident thereafter, but prior to the time the action was instituted. Appellees contended, and the lower court held, that the act should be so applied. The applicable portion of the statute is set out in the margin.[1]

In support of this contention it is argued that the purpose of the act was to cover all situations arising out of traffic accidents within the District, involving both residents and nonresidents; and that, consequently, unless the act is held to permit substituted service upon a person who is a resident at the time of the collision, but who becomes a nonresident thereafter, the purpose of the act will be in part defeated.

■ Adoption of the interpretation placed upon the statute by the lower court would extend its effect beyond its clearly expressed intent and meaning. The act is limited by its own terms to nonresidents. In order to make such persons answerable in the courts of the District, on account of motor vehicle collisions occurring within its borders, Congress has provided that "The operation by a nonresident * * * of a motor vehicle on any public highway of the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the director of vehicles and traffic * * * to be his true and lawful attorney * * *" Adoption of appellees'

interpretation would require us to hold that *nonresident* means *resident*. Appellees would escape this incongruity by interpreting the section as referring "to those who are nonresidents at the time process is issued." But the section does not refer to the time at which process is issued. It refers explicitly to "The operation by a nonresident * * * of a motor vehicle on any public highway * * *" Appellees would in effect make the section read: "The operation by a nonresident [or by a resident who shall have become a nonresident at the time process is issued] * * * on any public highway * * * shall be deemed equivalent to an appointment * * * of the director of vehicles and traffic * * * to be his * * * attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident [or resident who shall have become a nonresident at the time process is issued] growing out of any accident or collision in which such nonresident or his agent may be involved [or in which such resident may *have been* involved] while operating a motor vehicle on any such public highway, * * *" This would go far beyond any reasonable process of legislative interpretation. There is no reason for judicial construction of a statute where the legislative intent is plain and the language used is free from ambiguity.[2]

■ The statute further provides that "* * * *said operation* shall be a signification of his *agreement* that any such process against him, which is so served, shall be of the same legal force and validity as if served upon him personally in the District of Columbia." (Italics supplied.) Appellees would, in effect, by process of interpretation, enlarge this provision to read "* * * said operation [or the issuing

---

[1] "The operation by a nonresident or by his agent of a motor vehicle on any public highway of the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the director of vehicles and traffic or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident growing out of any accident or collision in which said nonresident or his agent may be involved while operating a motor vehicle on any such public highway, and said operation shall be a signification of his agreement that any such process

against him, which is so served, shall be of the same legal force and validity as if served upon him personally in the District of Columbia."

[2] Yerke v. United States, 173 U.S. 439, 19 S.Ct. 441, 43 L.Ed. 760; Texas v. Chiles, 21 Wall. 488, 491, 88 U.S. 488, 491, 22 L.Ed. 650; Goodwin v. Colorado Mortgage & Investment Co., 110 U.S. 1, 5, 3 S.Ct. 473, 28 L.Ed. 47; American Express Co. v. United States, 212 U.S. 522, 535, 29 S.Ct. 315, 53 L.Ed. 635; United States v. Lexington Mill & Elevator Co., 232 U.S. 399, 409, 34 S.Ct. 337, 58 L.Ed. 658, L.R.A.1915B, 774.

of process in an action growing out of any accident or collision] shall be a signification of his agreement * * *."· Thus, to spell out ·in terms just what appellees contend shows the fallacy of their contention. Moreover, where a statute imposes a contractual obligation in derogation of the common law, and affects substantial rights, it cannot be extended by implica·tion to include persons who do not come within its terms, but instead must be strictly construed.[3] The statute in this case does impose such an obligation and does affect substantial rights.[4] Its language clearly reveals that it is the nonresident, and the nonresident only, who, by making use of the highways, signifies his agreement that substituted service may be made upon him, and that he does so only at the time he uses the highways and only by the act of operating a motor vehicle thereon.[5]

New York had a statute similar to that of the District of Columbia for a number of years. N. Y. Vehicle and Traffic Law, Consol.Laws, c. 71, § 52. The fact that provision for service in a situation such as exists in the present case was lacking therein was recognized by the Legislature and a new section was added in 1931, N. Y. Vehicle and Traffic Law, § 52-a, for the express purpose of correcting what was regarded as an omission in the original law. Continental Casualty Co. v. Nelson, 147 Misc. 821, 264 N.Y.S. 560, 563. In Kurland v. Chernobil, 260 N.Y. 254, 183 N.E. 380, the New York Court of Appeals considered' a case which came before the trial court subsequent to the adoption of section 52-a, but involved a collision which occurred prior to its adoption. There the attempt was made to hold a defendant who after the collision established residence without the · state. The question was whether section 52-a was retroactive · in its effect. ·The court in holding that it

was not said: "The power thus conferred to effect lawful service of process, in an action in personam upon a public officer designated as agent for one who may become a nonresident, rests solely on an. implied consent that the operation of a motor vehicle on a highway of this State shall constitute an agreement that the service of such process shall possess the same validity as personal service upon defendant within the State. This agreement of course is not actual, it is merely constructive, and, in the absence of the statute creating the implication, no consent could be deemed to exist. When this defendant· operated his car on our highways, certainly he did not in fact agree to vest the Secretary of State with any power of agency for the receipt of service of process. At that time no presumption had been established, for the presumption exists only by reason of statutory enactment, and no statute applicable to persons of his class was then effective. Section 52-a must, therefore, be held to operate only prospectively and to relate exclusively to those who as residents use the highways of this State subsequent to the passage of the act and who later become nonresidents." 260 N.Y. 254, at page 257, 183 N.E. 380.

See, also, Suit v. Shailer, D.C.Md., 18 F.Supp. 568, where the United States District Court for Maryland refused to construe a Maryland statute, similar in its provisions to the statute involved in the present case, in such manner as to permit substituted service upon a resident who, subsequent to the time of the accident, had departed from the jurisdiction.

The order of the lower court is reversed and the case remanded for further proceedings not inconsistent with ·this opinion.

Reversed and remanded for further proceedings in accordance herewith.

[3] See Brunswick Terminal Co. v. National Bank of Baltimore, 192 U.S. 386, 390, 24 S.Ct. 314, 48 L.Ed. 491; Shaw v. Railroad Co., 101 U.S. 557, 565, 25 L. Ed. 892; Douglass v. Lewis, 131 U.S. 75, 85, 9 S.Ct. 634, 33 L.Ed. 53; Ross v. Jones, 22 Wall. 576, 591, 89 U.S. 576, 591, 22 L.Ed. 730; Donnelly v. Carpenter, 55 Ohio App. 463, 9 N.E.2d 888, 890; State ·v. Wimmer, 117 W.Va. 498, 186 S.E. ·133, 105 A.L.R. 67.

[4] See Ashley v. Brown, 198 N.C. 369,

373, 151 S.E. 725, 727. See, also, Flynn v. Kramer, 271 Mich. 500, 261 N.W. 77; Day v. Bush, 18 La.App. 682, 139 So. · 42; Morrow v. Asher, D.C.N.D.Tex., 55 F.2d 365.

[5] See Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Wuchter v. Pizzutti, 276 U.S. 13, 18, 48 S.Ct. 259, 260, 72 L.Ed. 446, 57 A.L.R. 1230; Kurland v. Chernobil, 260 N.Y. 254, 183 N.E. 380.