BRENNER v. MARGOLIES.

No. 1399.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 23, 1953.

Decided Dec. 28, 1953.

Motion for Correction of Record Denied
Feb. 3, 1954.

Charles S. Iversen, Washington, D. C., for appellant.

A. J. Spero, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

For convenience we refer to the parties as they were in the trial court.

Plaintiff sued for property damage sustained in an automobile collision in the District of Columbia. Treating defendant as a nonresident, plaintiff caused process to be served on the director of vehicles and traffic, as authorized by our Owners' Financial Responsibility Act, Code 1951, § 40–403, and on February 10, 1953, obtained a judgment by default, based on ex parte proof. On July 30, 1953, defendant filed a motion to vacate the default judgment and to quash service of process on the ground that he was a resident of the District of Columbia at the time of the accident and at all times thereafter, and for that reason the method of service was improper. The motion was denied and this appeal followed.

■ It is clear that if defendant was a District resident at the time of the collision he could not properly be served by the substitute method provided in the statute. Johnson v. Jacoby, 90 U.S.App.D.C. 280, 195 F.2d 563; Wood v. White, 68 App.D.C. 341, 97 F.2d 646, certiorari denied 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541. In those cases it was held that the statute did not apply to one who was a resident of the District at the time of the collision and who became a nonresident before suit was filed. It necessarily follows that the statute does not apply to one who was a resident at the time of the collision and who never thereafter became a nonresident. The "statute was not intended to reach an actual resident * * * but was enacted to provide a means of bringing before the local court a nonresident transient motorist * * *." Johnson v. Jacoby, supra, 90 U.S.App.D.C. at page 282, 195 F.2d at page 565.

But even if defendant was a nonresident of the District within the meaning of the statute, service in this case was completely ineffectual and invalid, because the statute was not complied with. Code 1951, § 40–403, which is similar to several state statutes designed to make nonresident motorists answerable for collisions, provides that the operation of an automobile by a nonresident in the District of Columbia is equivalent to appointment of the director of vehicles and traffic as the person on whom process may be served. It provides, "Service of such process shall be made by leaving a copy of the process * * * in the hands of the director of vehicles and traffic * * *," and continues with the express requirement: *"provided further,* That notice *of such service and a copy of the process* are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant * * *." (Emphasis supplied.)

■ In this case process was served on the director of vehicles and traffic, but the next steps prescribed by the statute were never taken. According to the affidavit of service filed by the plaintiff and according to defendant's motion and his testimony in open court, nothing was ever sent to defendant except a copy of the complaint. Nothing in the record indicates that the statutory notice or any form of process was ever sent to him. The complaint did not, as the summons would and should, notify defendant of a return day when he must appear and defend the suit, by answer or otherwise. It is self-evident that mailing a copy of the complaint does not meet the requirement of the statute that "notice of such service and a copy of the process" be sent to defendant.

■ The statute we are considering "imposes a contractual obligation in derogation of the common law, and affects substantial rights, [and hence] * * * must be strictly construed." Wood v. White, supra, 68 App.D.C. at page 343, 97 F.2d at page 648. It has the effect of conferring jurisdiction upon the courts where none existed before; therefore, it must be strictly complied with. Dusminski v. Ladenheim, D.C.E.D.N.Y., 43

F.Supp. 139; Glenn v. Holub, D.C.S.D. Iowa, 36 F.Supp. 941.

■ Plaintiff argues that because defendant was, at the time of the collision, driving a vehicle bearing Virginia license plates, and carrying a Virginia driver's permit which showed a Virginia address as his residence, and because he did not disclose "to the authorities nor to the plaintiff" that such was not his actual residence, he is now estopped to assert that he was a resident of the District. Plaintiff also says that because defendant had notice of the suit and took no action until six months after judgment had been entered, he was barred by laches from moving to vacate. But when a judgment is void for want of service, principles of estoppel and laches cannot be invoked.[1]

Reversed, for further proceedings in accordance with this opinion.

On Motion for Correction of Record.

PER CURIAM.

■ Appellee has moved for an order correcting the above opinion. He challenges the correctness of our statement that there was not full compliance with the statutory requirements as to service of process. To support his position he refers to a *proposed* statement of proceedings and evidence presented to the trial judge by attorney for appellant. The short answer is that such statement was not before us and would have had no proper place in the record on appeal. Furthermore, it is not our function or duty to resolve conflicting versions of the parties as to what actually happened at the trial. District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31. Nothing can be clearer than the duty of an appellate court to obtain the facts not from a tendered statement of proceedings, but from the official statement actually approved by the trial court. Marvin's Credit v. Hall, 76 U.S.App.D.C. 95, 129 F.2d 57; Morfessis v. Thomas, D.C. Mun.App., 91 A.2d 833; Edmonston v. Stanley, D.C.Mun.App., 76 A.2d 778; Levy v. Bryce, D.C.Mun.App. 46 A.2d 765.

The record before us contained an "agreed statement of proceedings and evidence" which was signed by counsel for both parties and approved by the judge. According to that approved statement and other matters in the record before us, it was entirely accurate to say that "Nothing in the record indicates that the statutory notice or any form of process was ever sent to him."

But even if we assume that defendant did receive a copy of the summons, there is no suggestion in the record or in appellee's new motion that defendant ever received *notice of the service on the director of vehicles and traffic,* or that there was even an attempt to send it to him. As we made plain in the opinion, the omission of that vital statutory step would alone have vitiated the judgment.

■ Appellee also says that "At no time during the proceedings below nor during the course of the entire appeal has the question of compliance with the non-resident statute been raised as a basis for reversal of the decision of the Court below." But as has been said time and time again it is not only the right, but the duty, of an appellate court to notice a jurisdictional deficiency, whether it be raised by counsel or not. Henderson v. E Street Theatre Corporation, D.C.Mun.App., 63 A.2d 649; 1425 F Street Corporation v. Jardin, D.C. Mun.App., 53 A.2d 278.

Motion denied.

---

[1]. Gimbel Bros. v. Corcoran, 192 A. 715, 15 N.J.Misc. 538; Ward v. Sampson, 395 Ill. 353, 70 N.E.2d 324.