**IGNAZ STRAUSS & CO., Inc., et al.**

v.

**UNITED STATES.**

**C. D. 2218.**

United States Customs Court,
First Division.
Nov. 18, 1960.

John D. Rode, New York City, for plaintiffs.

George Cochran Daub, Asst. Atty. Gen., Mollie Strum, Trial Atty., New York City, for defendant.

Before OLIVER, MOLLISON, and WILSON, Judges.

MOLLISON, Judge.

The merchandise involved in the protests enumerated in the schedule attached to this decision consists of plastic back scratchers, which were assessed with

duty at the rate of 25 per centum ad valorem under the provision in paragraph 409 of the Tariff Act of 1930, 19 U.S.C.A. § 1001, par. 409, as modified by T.D. 53865 and T.D. 53877, for articles not specially provided for, wholly or partly manufactured of bamboo, by virtue of the provisions of paragraph 1559(a) of the said act, 19 U.S.C.A. § 1001, par. 1559(a), as amended by the Customs Simplification Act of 1954 (68 Stat. 1137). The said paragraph 1559(a) is the so-called "similitude" provision of the tariff act and reads as follows:

"Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed."

There does not seem to be any question but that plastic back scratchers of the type here involved are not enumerated in the tariff act, i. e., are not provided for directly under any of the dutiable or free enumerations of the tariff act, and that they are dutiable by similitude. Plaintiffs claim, however, that they are dutiable by similitude to manufacturers of ivory or of which ivory is the component material of chief value, not specially provided for, under paragraph 1538 of the said act, 19 U.S.C.A. § 1001, par. 1538, as modified by T.D. 54108.

The parties have submitted the cases for decision upon a stipulation reading as follows:

"* * * that back scratchers are made of bone, bamboo, wood, ivory, and, of course, plastic, as are the imported articles; that all back scratch-ers, regardless of composition, are used in the same manner and for the same purpose and accomplish that result in the same way; that there are substantially more back scratchers of bamboo in use in the United States than there are of any other material; that if the court finds that the question of similitude of material is controlling, as related in the second part of paragraph 1559 as amended, then it is agreed that the imported back scratchers most resemble ivory back scratchers in the respect of the materials of which they are composed." (Tr., p. 5.)

It is the contention of the plaintiffs that the stipulated facts establish that the imported plastic back scratchers *equally* resemble in the use to which they are applied back scratchers made of bone, bamboo, wood, or ivory. Consequently, it is argued, recourse must be had to the second clause of paragraph 1559(a), supra, providing that, in such event, the determinant of similitude is comparative resemblance in respect of the materials of which the imported article and the article enumerated in the tariff act are composed. Under the stipulated facts, the article which the imported plastic back scratchers most resembles in respect of materials of which composed is ivory back scratchers, which would be dutiable under the tariff enumeration for manufacturers of ivory in paragraph 1538, as modified.

On the other hand, defendant contends that the imported plastic back scratchers most resemble bamboo back scratchers in the use to which they may be applied. It is argued that the first clause in paragraph 1559(a), relating to similitude of use, requires the application to the imported nonenumerated article of the tariff duty pertaining to the enumerated articles which are composed of the material most frequently used and commonly known for such purpose. Defendant contends that such articles, under the stipulated facts, are bamboo back scratchers, dutiable under the enumeration for articles wholly or partly manufactured of

bamboo in paragraph 409, as modified. Hence, defendant argues, there is no need for recourse to the second clause of paragraph 1559(a), relating to similitude of materials.

■ Parenthetically, it should be noted that it has long been held that a tariff designation of articles by composition or material of which made is an enumeration within the meaning of the similitude statute and is to be read as if all articles of that composition or material were individually named by it. United States v. Cochran & Co., 3 Ct.Cust.App. 57, T.D. 32349. Consequently, for the purposes of the application of the similitude statute, the tariff provisions for articles or manufactures of bamboo, bone, ivory, or wood, here involved, are to be considered as though they specifically provided for back scratchers of bamboo, bone, ivory, or wood.

■ The meaning of the tariff language relating to similitude of use was established many years ago in the case of Murphy v. Arnson, 96 U.S. 131, 24 L.Ed. 773, wherein the Supreme Court pointed out that similitude of use refers to the employment and the effect in producing results of the compared nonenumerated and enumerated articles.

The rule of the Murphy v. Arnson case has been consistently applied in the courts (Pickhardt v. Merritt, 1889, 132 U.S. 252, 10 S.Ct. 80, 33 L.Ed. 353; United States v. Godillot & Co., 1912, 3 Ct. Cust.App. 128, T.D. 32382; and United States v. Wecolite Co., 1958, 45 CCPA 54, C.A.D. 672), whenever the issue has been similitude of use, and it has been simply stated as follows:

" * * * To constitute similitude of use the results of the use must be substantially the same and achieved substantially in the same way. [United States v. Godillot & Co., supra.]"

■ To the two tests of similitude of use thus long established, namely, method of use and result of use, defendant would add another, i. e., frequency of use of a material for the purpose.

In explaining the reason for the addition of the third test, counsel for the defendant points out, in the brief filed in its behalf, that many tariff enumerations actually consist of designations of articles or manufactures by composition, or material of which made, rather than designations by name or other description. Consequently, it may happen (as it does in this case) that an imported nonenumerated article may bear a similitude of use in respect of the method of use and the result of use to two or more articles enumerated in the tariff act on which different rates of duty are chargeable. In such circumstances, it is argued, it is logical that the imported article "most resembles" in use that article which is made of the material which is most frequently used for the particular purpose, rather than an article used for the same purpose but made of a material which is less frequently used.

■ We do not agree with the argument made by the defendant for the reason that we believe that there is nothing expressed in the language of the statute, nor reasonably implicit in it, which would require a consideration of the *material* of which compared nonenumerated and enumerated articles are composed in determining similitude of *use*. On the contrary, we think the language of the statute specifically prescribes a consideration of the materials of which the compared articles are composed only if the similitude or resemblance of the compared articles in respect of their use is equal.

For over a hundred years, laws imposing tariff duties have contained similitude provisions for the purpose of applying to imported nonenumerated articles the tariff rates of the dutiable enumerated articles which they most resemble.[1]

1. Act of Aug. 30, 1842, sec. 20, 5 Stat.L. 565; R.S. 2499; Tariff Act of 1883, sec. 6, 22 Stat. 491; Tariff Act of 1890, sec. 5, 26 Stat. 613; Tariff Act of 1894, sec. 4, 28 Stat. 547; Tariff Act of 1897, sec. 7, 30 Stat. 205; Tariff Act of 1909,

Up to the time of the effective date of section 201 of the Customs Simplification Act of 1954, supra, the similitude statutes provided for comparison of imported nonenumerated articles with the dutiable articles enumerated in the tariff acts which they most resembled in the particulars or elements of material, quality, texture, or the use to which they might be applied.

The present similitude provision, paragraph 1559(a) of the Tariff Act of 1930, as amended, represents a modification of the previous similitude statutes by wholly eliminating quality and texture as elements affecting classification by similitude, and making material such an element only if the compared nonenumerated and enumerated articles equally resemble each other in the element of the use to which they may be applied. In other words, under the present statute, the *primary* element of resemblance for similitude purposes is use to which applied, and resemblance of material is to be resorted to only if there is an equal resemblance in the use to which the non-

enumerated article and the enumerated articles may be applied.

As has been stated, the meaning of the statutory language relating to similitude of use, and the tests to be applied to determine similitude of use, i. e., method of use and result of use, were judicially determined many, many years ago, and the same or substantially the same language relating to similitude of use has appeared in successive tariff acts and was carried over into the present amended act. We think it is without question that when Congress, in the present amended act, retained the element of use as the primary consideration in the determination of similitude, and used language substantially the same as had been used in prior statutes on the subject, it intended that the language should have the well-settled meaning which it had borne over the course of years and through successive reenactments of similitude statutes.[2] This is strikingly apparent when the language of the present provision with respect to similitude of use is compared, word for word, with its immediate predecessor, as follows:

Paragraph 1559, Tariff Act of 1930, prior to amendment by the Customs Simplification Act of 1954:

"That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or
the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the
enumerated article which it most resembles in any of the particulars before mentioned; * * *."

Paragraph 1559(a), Tariff Act of 1930, as amended:

"Each and every imported article, not enumerated in this Act, which is similar in

the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the

enumerated article which it most resembles in the particular before mentioned; * * *."

---

par. 481, 36 Stat. 71; Tariff Act of 1913, par. 386, 38 Stat. 152; Tariff Act of 1922, par. 1460, 42 Stat. 922; Tariff Act of 1930, par. 1559, 19 U.S.C.A. § 1001, par. 1559.

2. Latimer v. United States, 223 U.S. 501, 32 S.Ct. 242, 56 L.Ed. 526; United States v. Pacific Butchers Supply Co., 22 CCPA 355, T.D. 47377; and United States v. Curley-Bates Co., 46 CCPA 14, C.A.D. 688.

It is seen from the foregoing that the language of the amended provision *as to similitude of use* is the same in all material respects as the language of its immediate predecessor. On its face, the deletion from consideration for similitude purposes of the elements of quality and texture, and the relegating of the element of material to a contingent consideration status would have no effect upon the intended meaning of the language relating to similitude of use.

With respect to the actual language of the amended provision, counsel for the defendant has cited the dictionary definitions of the word "most" when used as an adjective, an adverb, and as a noun, as given in Webster's New International Dictionary, 1956 edition. From these definitions, counsel draws the conclusion that the term "most resembles [in the use to which it may be applied]" in the first clause of paragraph 1559(a) must relate to the enumerated article used most frequently or used more often than any other enumerated article.

We do not agree that the language can be properly so interpreted. The word "most," as used in paragraph 1559(a), is an adverb qualifying the verb "resembles." It does not qualify the noun "use." It refers to *resemblance* in the greatest or highest degree, or to the greatest extent, and not to *use* in that degree or extent.

Moreover, it is our view that the language of the amended provision as a whole clearly shows that Congress intended that consideration of materials should be given only with respect to *similitude of materials,* i. e., in the contingency that the similitude of use cannot be determined because of equality of resemblance in the use to which nonenumerated and enumerated articles may be applied. There does not seem to be any question, so far as similitude of materials is concerned, that the amended provision contemplates comparison on the basis of physical characteristics only, and not upon the basis of frequency of use.

We find, therefore, that there is nothing in the language of the amended provision, as written, which indicates a congressional purpose that the meaning of the provision with respect to similitude of use should be changed so that frequency of use of a material for a particular purpose would be a consideration in the determination of similitude.

The only other argument which seems to be made by defendant in favor of its construction of the statute is to the effect that in the determination of the issue weight should be given to the construction given the provisions of paragraph 1559(a) by the Treasury Department, citing the decision of the Supreme Court in the case of Komada & Co. v. United States, 215 U.S. 392, 30 S.Ct. 136, 54 L.Ed. 249, as authority for that proposition.

By this argument, it appears that defendant seeks to invoke that rule of statutory construction known as executive or administrative construction of statutes, which permits, as an extrinsic aid in the construction of statutes of doubtful meaning or of ambiguous language, recourse to the construction placed upon such statutes by executive or administrative officers charged with their execution. Crawford, Statutory Construction, section 219, et seq.

However, aside from the fact that in order to invoke the exercise of that rule it must be first established that the administrative construction existed, that it had been observed and acted upon for a long period of time, and that it was generally or uniformly acquiesced in, none of which facts have been shown here, we think that its application to the statute here under consideration is barred for the reason that, in our opinion as applied to the situation at bar, the language of the statute is unambiguous

and free of doubtful meaning. Resort to rules of statutory construction in order to determine legislative intent is, therefore, unnecessary. Yerke v. United States, 173 U.S. 439, 442, 19 S.Ct. 441, 43 L.Ed. 760; United States et al. v. Missouri Pacific Railroad Company, 278 U.S. 269, 278, 49 S.Ct. 133, 73 L.Ed. 322; Murray Block, Temporary Administrator for Estate of Louis S. Fryer v. United States, 42 CCPA 217, C.A.D. 596.

We think that it is manifest from an examination of the statute that Congress was aware that situations such as the present one might arise, wherein an imported nonenumerated article might equally resemble in the use to which it might be applied two or more enumerated articles, for it provided in the second clause of paragraph 1559(a) for the selection of another basis to determine similitude, to wit, similitude of materials.

Inasmuch as, in the use to which they may be applied, i. e., in the method of their use and the result produced, the imported plastic back scratchers and the back scratchers covered by the tariff enumerations for manufactures of bamboo, bone, wood, and ivory equally resemble one another, the determinant of similitude becomes comparative resemblance of materials. The parties have stipulated that, in that respect, the imported back scratchers most resemble ivory back scratchers, dutiable under the provision for manufactures of ivory in paragraph 1538 of the tariff act, as modified, and we hold the articles at bar to be properly dutiable at the rates provided under that provision, by virtue of the similitude clauses of paragraph 1559(a).

For the reasons stated, the claim in each of the protests for duty at the appropriate rate prescribed in paragraph 1538, as modified, according to the date of entry, or withdrawal from warehouse, for consumption is sustained, and judgment will issue accordingly.