Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of plastic back scratchers the same in all material respects as those the subject of *Ignaz Strauss & Co., Inc., et al.* v. *United States* (45 Cust. Ct. 161, C.D. 2218), the claim of the plaintiff was sustained.

No. 66538.—William Shaland Corp. *v.* United States, protest 61/14275 (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of plastic back scratchers the same in all material respects as those the subject of *Ignaz Strauss & Co., Inc., et al.* v. *United States* (45 Cust. Ct. 161, C.D. 2218), the claim of the plaintiff was sustained.

No. 66539.—M. Tarlow and W. J. Byrnes & Co. of N.Y., Inc. *v.* United States, protest 59/17202 (New York).

WILSON, Judge: This suit has been submitted for decision on the following agreement between counsel for the respective parties:

MR. HONEY: If the court please, I offer to stipulate with Government counsel that the merchandise described on invoice No. 2 in the entry as "2 cases white lamb head plates; 2 cases white lamb leg plates; 1 case white lamb plates, white ear plates, white head plates," and assessed with duty at 35 percent ad valorem, consists of merchandise the same in all material respects as the lambskin plates the subject of *A. S. Gold & Bros., Inc.* v. *United States*, C.D. 1643, or *Prime Fur Corp.* v. *United States*, C.D. 1802, and therein held to be free of duty under paragraph 1681; that following the original liquidation of the entry a timely protest was filed against the assessment of duties at 35 percent ad valorem on lambskin plates, and thereafter the protest was submitted on a stipulation to the effect that the items marked "L" and initialed by the examiner consisted of lambskin plates similar in all material respects to those the subject of *A. S. Gold & Bros., Inc.* v. *United States*, C.D. 1643, or *Prime Fur Corp.* v. *United States*, C.D. 1802; that through inadvertence the examiner failed to mark with the letter "L" and initial the said lambskin plates described on invoice No. 2 in the entry; that thereafter the court held in a decision recorded in Abstract 61027 that the merchandise so marked was properly free of duty under paragraph 1681, and the Collector of Customs reliquidated the entry in accordance with said decision and judgment of the court; that no allowance of duties was made in the reliquidation of the entry for the said lambskin plates described on invoice No. 2 in the entry since they were not marked as aforesaid and were therefore not included within said decision and judgment of the court; that said protest against reliquidation relates only to said lambskin plates on invoice No. 2 on the entry.

MISS STRUM: * * * Therefore, the Government so stipulates.

On the agreed facts, we hold the merchandise, described on invoice No. 2 in the entry herein as "2 cases white lamb head plates; 2 cases white lamb leg plates; 1 case white lamb plates, white ear plates, white head plates," properly free of duty under paragraph 1681 of the Tariff Act of 1930, as plates of undressed lambskins, as claimed.