Gilbert H. King, J.
Defendant moves to dismiss plaintiff’s complaint, pursuant to CPLR 3211 (subd. [a], par. 8), upon the ground that the court does not have jurisdiction of his person.
Plaintiff, a resident of Erie County, New York, alleges that he was injured by the negligent and improper performance on him of extensive dental work by the defendant, who, at the time of the dental treatment, was also a resident of Erie County, New York, and licensed by the State of New York to practice dentistry. The work was performed from June, 1961 through July 15, 1963.
On August 11, 1963, defendant moved to the State of California and thereupon became and is now a permanent resident of that State and is licensed to and is practicing his profession there.
This action was commenced by the personal service of the summons and complaint on the defendant in California on August 6, 1965, presumably by one of the class of persons authorized by CPLR 313 to make personal service without the State.
Defendant asserts that there is no provision in the CPLR for personal service without the State on a person who was a New York State domiciliary at the time of the commission of a tortious act but who at the time of the service of the summons is a nondomiciliary.
*218 Plaintiff contends that CPLR 301 and 302 give the courts of this State jurisdiction over the person of the defendant under these circumstances and that personal service without the State is permitted by and was proper under CPLR 313 which provides, inter alia, that “ A person domiciled in the state or subject to the jurisdiction of the courts of the state under section 301 or 302 * * * may be served with the summons without the state, in the same manner as service is made within the state ’
The authorization in CPLR 313 to serve ‘ ‘ A person domiciled in the state ” without the State does not help plaintiff in this case because “ domicile ” in New York State at the time of service is the requirement.
Plaintiff can find no comfort in the provisions of CPLR 301 that ‘ ‘ A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore ”, broad and sweeping as it appears to be, for even if the section is taken to include in its effect, a preservation of all of the methods of acquiring jurisdiction by personal service without the State, no method of acquiring jurisdiction for the type of action herein alleged and under the domiciliary facts of this case existed under the Civil Practice Act or under any other statute or decision of which the court is aware.
The so-called “long arm” and “single act ” provisions of the CPLR and a reading of the legislative histories and commentaries indicate that it was intended to expand the jurisdictional powers of the courts of this State toward, if indeed not to, full constitutional limits. On this premise it seems highly unlikely that it was intended that a domiciliary of this State who commits a tortious act while a resident here, can by changing his domicile become immune from the New York State Courts’ jurisdiction, when a nondomieiliary by the commission of a single act in the State becomes and remains subject to the courts’ jurisdiction wherever thereafter domiciled. The inequity and injustice of this result is particularly emphasized where, as in this case, defendant not only was a resident of this State at the time of the alleged tortious act but was acting under a license issued by the State authorizing him to engage in the profession which gave rise to the claim.
CPLR 302 (insofar as it is here pertinent) is limited in effect to personal jurisdiction over “any non-domiciliary” who “ commits ” a tortious act within the State. The use of the present tense in the reference to the commission of a tortious act coupled with the designation “non-domiciliary” in CPLR 302 (subd, [a]) can have no other meaning than to limit its *219 effect to a person who was a nondomieiliary at the time of the commission of the tortious act.
As unlikely in legislative intent, as inequitable in application and as undesirable in result as it may seem, it appears that the courts of this State have presently no prescribed method of acquiring jurisdiction of this defendant for this cause of action so long as he remains outside of the State.
It may be that the draftsmen of the CPLR and the Legislature intended no such result but, if that be so, a strained or tortured interpretation of the statute by the court is not the proper method of implementing legislative purpose and intent; Few principles of law are more firmly established than that it is not the function of courts to legislate. Amendment of the statute is the proper procedure (e.g., amendment of § 253 by the enactment of § 254 of the Vehicle and Traffic Law following the decision in Kurland v. Chernobil, 260 N. Y. 254). Defendant’s motion is granted, without costs, and the complaint is dismissed.