<hr />

(C.D. 3019)

MORRIS FRIEDMAN *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 29, 1967)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before OLIVER, WATSON, and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in this case consists of maize or corn husk bags or baskets, imported from Yugoslavia and entered at the port of Philadelphia on April 3, 1958. They were assessed with duty at 22½ per centum ad valorem under paragraph 411 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, by virtue of the similitude clause in paragraph 1559(a) of said act, as amended by the Customs Simplification Act of 1954, as bags or baskets, wholly or in chief value of straw, not specially provided for. It is claimed, among other things, that the merchandise is properly dutiable at 12½ per centum ad valorem under paragraph 1537(a) of said tariff act, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, and the President's notification, 90 Treas. Dec. 280, T.D. 53877, by virtue of the said similitude clause, as manufactures of weeds or in chief value of weeds.

The pertinent provisions of the said tariff act, as modified, are as follows:

Paragraph 411, as modified by T.D. 54108:

Baskets and bags, wholly or in chief value of wood (not including bamboo or osier or willow) straw, papier-mache, palm leaf, or compositions of wood, not specially provided for:

| | | |
|---|---|---|
| Wholly or in chief value of straw_____* * * | 22½% ad val. |
| Other _____* * * | 45% ad val. |

Paragraph 1537(a), as modified by T.D. 53865 and T.D. 53877:

Manufactures of bone, chip, grass, sea grass, horn, straw, or weeds, or of which these substances or any of them, or a combination of these substances or any of them with quills, palm leaf, or whalebone, is the component material of chief value, not specially provided for:

 \* \* \* \* \* \* \*

Other _____ 12½% ad val.

Paragraph 1559 (a), as amended:

Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act, as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

At the trial, the record in *Carson M. Simon & Co.* v. *United States*, 55 Cust. Ct. 103, C.D. 2558, was incorporated herein. That case involved bulrush or rush bags or baskets and maize or corn husk bags or baskets, which had been classified under paragraph 411 of the Tariff Act of 1930, as modified, by similitude to bags or baskets of straw. The rush bags were held dutiable directly under paragraph 1537 (a), *supra*, as bags or baskets of weed, and the corn husk bags were held dutiable under said paragraph by similitude. The court found that straw bags, maize bags, and rush bags have the same uses and held that under paragraph 1559 (a), as amended, *supra*, where an article equally resembles two or more enumerated articles in use, it is classifiable by similitude to the article it most resembles in material. It held that the record established that maize or corn husk material resembles rush material more closely than straw material, stating:

\* \* \* Maize and rush are heavy and uneven materials, are almost flat leaves, can be twisted, must be soaked to be manipulated, and last two or three times longer than straw. Straw is of the same thickness, is round and stick-like, cannot be twisted, and does not have to be soaked while being woven. Straw, in fact, can be manipulated by more methods than either rush or maize can be. \* \* \*

In the instant case, the defendant urges in its brief that the court reconsider the issue of similitude to straw. However, no additional evidence has been presented on this point nor has defendant clearly shown that the prior decision is erroneous. Therefore, that decision is *stare decisis* of the issue as to similitude to straw. *R. J. Saunders & Co., Inc.* v. *United States*, 45 CCPA 87, C.A.D. 678; *United States* v. *Charles H. Demarest, Inc.*, 45 CCPA 109, C.A.D. 682.

In the instant case, defendant has produced a sample of a palm leaf bag made in Mexico (exhibit A), and plaintiff has introduced testimony concerning palm leaf bags made in European countries, which, according to the witness, are the same. It was stipulated that the uses of the plam leaf, bulrush, and maize tote bags are the same. Although it has been established that the maize bags do not most resemble straw in material, the burden rests on plaintiff in the instant case to establish

that they most resemble rush rather than palm leaf in material. *J. E. Bernard & Co., Inc.* v. *United States*, 53 CCPA 116, C.A.D. 886.

In support of its claim, plaintiff called Frederick O. Merz, general manager of F. O. Merz & Co., the importer herein. He testified that his firm imports a considerable number of tote bags each year from the Mediterranean countries, India, Mexico, and the Philippines. It imports about 5,000 palm leaf bags per year chiefly from the Mediterranean area. After examining exhibit A, he said that it was produced from palm leaf which had been braided; that the braids had been woven into sheets, and that the sheets were later cut into the sizes required to make the basket, and the pieces were sewed together with a sewing machine.

In discussing the characteristics of maize and palm leaf material, he said that the leaves around the ear of corn, used to make maize bags, have a rather paper-like texture or feel to them. The bulrush material also has a paper-like feel rather than a woody feel. Palm leaves have shiny surfaces and feel almost like shavings of wood. They come from palm trees, have a woody feel, are hard in texture, and become very brittle when they are dry. In making maize or bulrush bags, clean, rust-free leaves are selected, and are soaked in water. In the case of maize bags, only the leaves are used, whereas in the case of bulrush bags, the leaves and stalk are used, the stalk being split into thin strips. All of the pieces used are short, 5 or 6 inches long. They are twisted together almost like cord, which prevents them from getting brittle and makes them strong compared with palm leaves. While they are soaking wet, they are braided and twisted, and worked on a form like exhibit 8 in the incorporated case. When they are dry, they can not be twisted and formed; they break. In making palm leaf bags, palm leaves which are practically green are used. They are 2 or 3 feet long. They are not soaked in water but are used the way they come off the tree. They can be woven in that condition. They are first braided by hand and then the braids are woven on a hand loom into big sheets, 6 feet long and 3 feet wide. They are then cut to size, bound on the edges, and sewed together in the size of the bag that is desired. The sheets may be used for making sacking material, rugs, or something like wallpaper, as well as bags. According to the witness, maize and bulrush are similar in characteristics and appearance and grow in most countries. Maize is grown in the fields and bulrush grows in swamps and along riverbanks. The plants have similarities. They have a tassel on top that fertilizes the seed cup or the husk. The palm is a semitropical tree and does not grow in all countries. Palm leaf bags cost a little more than bulrush bags.

The similitude statute, insofar as material is concerned, contemplates a comparison on the basis of the physical characteristics of the material. *Ignaz Strauss & Co., Inc., et al.* v. *United States*, 45 Cust. Ct. 161,

C.D. 2218. The evidence herein indicates that corn husks resemble rush more closely than palm leaf in texture or feel, strength, length of leaf, appearance, and workability. Corn husks and rush are a paper-like material, growing in most countries, while palm leaf is more of a woody substance which is quite brittle and grows only in tropical or semitropical countries. As a raw material, maize and rush are short leaves which must be soaked and rolled or twisted together while wet. Palm leaves are two or three feet long and are used in their natural condition. While the materials, and not the processing, govern similitude, the method of processing is a good indication of the physical characteristics of the material. From the evidence here, it can be deduced that, because of their physical characteristics, rush and corn husk material must be manipulated while wet, but that palm leaf material can be and is manipulated in the natural state. Moreover, the latter apparently must be braided rather than twisted as the other two are. Palm leaf material, after being woven into sheets, can be and is cut to size and sewn. In view of the fact that rush material and corn husk material are made into bags on forms, it appears that their physical characteristics prevent them from being made into sheets, cut, and sewn.

For all the reasons stated, we are of opinion and hold that the corn husk bags involved herein resemble rush bags in material more closely than they do palm leaf bags. Therefore, they are properly dutiable at 12½ per centum ad valorem under paragraph 1537 (a) of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude clause in paragraph 1559 (a) of said tariff act, as amended, *supra*, as manufactures of weeds, not specially provided for. To that extent the protest is sustained. As to all other claims, it is overruled. Judgment will be entered accordingly.