(C. D. 1974)

S. S. KRESGE Co. ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 18, 1958)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

OLIVER, Chief Judge: The protests enumerated in schedule "A," hereto attached and made a part hereof, relate to merchandise generally described on the invoices as "Snowstorms," with qualifying or descriptive words. The articles covered by the invoices with the entries involved in protests 292689–K, 293952–K, and 294507–K were classified, by similitude in use, as articles of colored glass, valued under $1 each, and the items covered by the invoices with the entries in the remaining protests involved herein were classified, by similitude in use, as articles of glass, blown or partly blown in the mold or otherwise, valued under $1 each. All of the merchandise in question was assessed with duty at the rate of 30 or 50 per centum ad valorem under the provisions of paragraph 218 (f) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, and paragraph 1559 of the Tariff Act of 1930, as amended by Public Law 768, section 201 (68 Stat. part 1, p. 1137). Plaintiffs claim that the articles in question are properly classifiable as nonenumerated manufactured articles under paragraph 1558 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52827, carrying a dutiable rate of 10 per centum ad valorem.

When the case was called for trial, counsel for the respective parties stipulated "that Collective Exhibit 1 in protest 182271–K, which was the subject of C. D. 1839, correctly represents the merchandise before the court, and is composed in chief value of polystyrene." The record in the cited case, *B. Shackman & Company et al. v. United States*, 38 Cust. Ct. 30, C. D. 1839, was incorporated herein on motion by plain-

tiffs and without objection from defendant. In the incorporated case, the merchandise consisted of paperweights "composed in chief value of a plastic known as polystyrene," which were described in the decision as "articles in cube form containing water, certain figures, such as a 'snowman' etc., and a very fine white powdery substance, which, on shaking, shows the so-called paper weights as simulating a snowstorm." There were also received in evidence a paperweight, somewhat like the articles in question, except that it "is composed in chief value of blown glass" (defendant's illustrative exhibit A), and a circular paperweight, approximately 2¾ inches in diameter, with the letter "C" embossed in the center and "composed wholly or in chief value of metal" (plaintiffs' illustrative exhibit 1).

In the *B. Shackman & Company et al.* case, *supra*, the polystyrene paperweights under consideration were classified, by similitude, as articles of glass, blown or partly blown in the mold, under paragraph 218 (f), as modified, *supra*, and plaintiffs' claim—which was sustained—was for classification as nonenumerated manufactured articles under paragraph 1558 of the Tariff Act of 1930. While the merchandise in question is identical, the collector's classifications invoke the same paragraph, and plaintiffs' claim is under the same provisions as those which were involved in the incorporated case, there is substantial difference between the issue now before us and the questions that were presented in the *B. Shackman & Company et al.* case, *supra*. The distinction between the two cases lies in the change in statutory language relating to classification by similitude. At the time of the *B. Shackman & Company et al.* case, classification of merchandise by similitude was controlled by the language of paragraph 1559 of the Tariff Act of 1930, as originally enacted, reading, so far as pertinent, as follows:

That each and every imported article, not enumerated in this Act, which is similar, *either in material, quality, texture, or the use to which it may be applied* to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *. [Italics supplied.]

The provisions governing classification by similitude of the merchandise under consideration are those embodied in paragraph 1559, as amended, *supra*, and read as follows:

PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is *similar in the use to which it may be applied* to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed. [Italics supplied.]

It will be observed that classification by similitude under paragraph 1559, as originally enacted, was dependent on the likeness between comparable products in any one of four different characteristics, i. e., material, quality, texture, or use. Substantial similitude in any one of those four elements was sufficient to establish classification by similitude. *Roovers Bros., Inc.* v. *United States*, 23 Cust. Ct. 53, C. D. 1190; *Metropolitan Metal Sponge Mfg. Co.* v. *United States*, 39 Cust. Ct. 415, Abstract 61191. Under the provisions of paragraph 1559, as modified, *supra*, there is only one element of comparison, i. e., the matter of use, that is determinative of classification of merchandise by similitude. This limitation in the tariff provisions that apply to the present discussion precludes adherence to the reasoning followed and the conclusion reached in the *B. Shackman & Company et al.* case, *supra*.

The incorporated case turned on a finding that there were "substantial differences" between articles of blown glass and the polystyrene paperweights that were involved therein in "material, quality, and texture," which characteristics, under the controlling statute (paragraph 1559, as amended), have no bearing on the disposition of the present case. Here, we are concerned only with the element of "use," which is the sole consideration for classification by similitude under paragraph 1559, as amended. Classification by similitude applies, under the said amended paragraph, first, when the nonenumerated article is "similar in the use to which it may be applied" to any enumerated article; and, second, if the nonenumerated article equally resembles, *in the matter of use*, two or more enumerated articles on which different rates of duty are chargeable, then the nonenumerated article shall be subject to the rate of duty applicable to the enumerated article, *similar in use*, and which most resembles the nonenumerated article in respect to the materials of which it is composed. In a word, "use" controls classification by similitude under paragraph 1559, as amended, *supra*.

In the *B. Shackman & Company et al.* case, *supra*, we rejected the element of use as a consideration for classification by similitude in use and stated as follows:

* * * It may further be observed that paper weights, so called, similar in form and for the same use as paper weights of glass, "blown or partly blown in the mold or otherwise," are made also of metal and other substances, which materials are provided for generally in the tariff act. The application of the similitude provisions to the imported merchandise, therefore, with a consequent assessment of duty at the rate provided under paragraph 218 (f), *supra*, for articles of blown glass, on the basis of an indicated use of the imported articles as paper weights similar to the use of certain articles of blown glass, in preference to the rates

provided for manufactures of other materials, which manufactures are also used as may be the imported articles, namely, as paper weights, is not, in our opinion, justifiable. See, in this connection, the latest expression of our appellate court in *Maher-App & Company* v. *United States*, 44 C. C. P. A. (Customs) 22, C. A. D. 630, decided November 30, 1956.

The *Maher-App & Company* case, *supra*, involved certain artificial teeth. Excluding classification of the merchandise by similitude in use, the appellate court stated:

> It also seems proper to note, in connection with similitude of use that, as pointed out by appellant, it is a matter of common knowledge that artificial teeth are made of substances other than porcelain, including gold, enamel, and ivory, which are provided for *eo nomine* in the Tariff Act of 1930. If material, texture, and quality are disregarded, there appears to be no more reason for classifying the instant merchandise by similitude to porcelain teeth than to any of the other materials of which artificial teeth are made.

The reasoning followed by the appellate court in the *Maher-App & Company* case, as well as our reasoning in the incorporated case, concerning similitude in use, as set forth in foregoing quotations from both cases, cannot be applied in this case, where the statute has eliminated the characteristics of material, texture, and quality, and makes use, alone, the determining factor in classification by similitude.

The presumption of correctness attaching to the collector's classification by similitude in use herein includes a finding by the classifying officer that there are in the trade and commerce of the United States articles that meet requirements of similitude in use in a tariff sense with the polystyrene paperweights under consideration. In disputing the action of the collector, plaintiffs assumed the twofold burden of showing that the collector's classification is wrong, as well as proving the correctness of their claim for classification as nonenumerated manufactured articles. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C. C. P. A. (Customs) 150, C. A. D. 227; *United States* v. *Enrique C. Lineiro*, 37 C. C. P. A. (Customs) 5, C. A. D. 410. Plaintiffs have not sustained their burden. The oral testimony of plaintiffs' two witnesses, who appeared in the incorporated case, does not support plaintiffs' position herein.

On the basis of all of the evidence before us and for the reasons hereinabove set forth, we hold the merchandise in question to be properly classifiable by similitude in use, either as colored glass articles, valued under $1 each, or as articles of glass, blown or partly blown in the mold or otherwise, valued under $1 each, under paragraph 218 (f), as modified, *supra*, and paragraph 1559, as amended, *supra*, and dutiable at the rate assessed by the collector.

The protests are overruled and judgment will be rendered accordingly.