(C.D. 2666)

NATIONAL SILVER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 28, 1966)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Bernard J. Babb* and *Harvey A. Isaacs,* trial attorneys), for the defendant.

Before DONLON, RICHARDSON, and NICHOLS, Judges; NICHOLS, J., concurring; RICHARDSON, J., dissenting

DONLON, Judge: Certain plastic mugs which were imported from Hongkong at the port of Boston on April 12, 1962, were classified by the collector as nonenumerated manufactured articles, dutiable under paragraph 211, Tariff Act of 1930, by virtue of the similitude provision of paragraph 1559. Plaintiff's protest made two claims: First, for classification by similitude under paragraph 218 (glassware) ; and, second, for classification under paragraph 1558 as nonenumerated manufactured articles, but without operation of the similitude provision.

The first of the protest claims has been abandoned. (Plaintiff's brief, p. 2.) That claim is dismissed.

Inasmuch as the collector's similitude classification is necessarily predicated on a finding that these plastic mugs are nonenumerated manufactured articles, plaintiff's burden of proof is to negative classification that is based on similitude in use. The pertinent tariff provisions are as follows:

Paragraph 1559, as amended by the Customs Simplification Act of 1954, T.D. 53599:

Each and every imported article, not enumerated in this Act, which is *similar in the use to which it may be applied to any article enumerated in this Act* as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed. [Emphasis supplied.]

Paragraph 211, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, T.D. 53865:

*Earthenware and crockery ware composed of a nonvitrified absorbent body, including* white granite and semi-porcelain earthenware, and cream-colored ware, terra cotta, and stoneware, including clock cases with or without movements, pill tiles, plaques, ornaments, charms, vases, statues, statuettes, *mugs,* cups, steins, lamps, and all other articles composed wholly or in chief value of such ware; * * *: [Emphasis supplied.]

Tableware, kitchenware, and table and kitchen utensils:

    *       *       *       *       *       *       *

all the foregoing_____ 10¢ per doz. pieces and 40% ad val.

Plaintiff introduced into evidence two samples of the imported merchandise. (Exhibits 1–A, 1–B.) There is in evidence, also, a report of the United States Customs Laboratory at New York on its analysis of exhibit 1–B.

The imported merchandise is conceded to be made of plastic materials and paper, as the laboratory report states:

The sample is a double-walled cup with a layer of woven paper between the walls. The inside wall is yellow and is composed of styrene and acrylonitrile synthetic resin having a vitrified nonabsorbent body. The outer wall is transparent and is composed of polystyrene synthetic resin having a vitrified nonabsorbent body.

The imported mugs, as represented by exhibits 1–A and 1–B, are used to contain, hold and serve coffee, milk, water, soup and other beverages. The fact of such use was stipulated.

Defendant introduced into evidence two specimen earthenware mugs. (Exhibits A and B.) Defendant adduced the testimony of two witnesses.

Defendant's witnesses, who hold executive sales positions with the respective manufacturers of exhibits A and B, testified that their mugs are made of a semivitreous product or, as Mr. Rice testified with respect to exhibit B, of a "semi-vitreous, semi-procelain ware, commonly known as earthenware in our industry."

It is presumed that the collector found each and every fact necessary to his classification. Therefore, he is presumed to have found similitude in use, as between the imported plastic mugs at bar and those mugs which are dutiable by enumeration under paragraph 211. Actually there is no contention that such similitude in use does not exist. The record confirms that it does.

Whether the collector found, additionally, an equal similarity in use between these imported mugs and some other mugs, which are dutiable

by enumeration under tariff provisions other than paragraph 211, has not been shown in the record before us. There is no evidence whatsoever to that effect. Such a finding is, of course, not necessary to the collector's classification. Therefore, we may not presume that the collector so found. Absent a record that would support a finding of equal similarity in use to two or more articles composed of different materials, a finding which was not essential to the collector's classification, we should not extend presumption as to the collector's findings beyond those findings that are required by his classification.

The issue before us, to state it in its simplest terms, is whether, under amended paragraph 1559, these plastic mugs which concededly are nonenumerated manufactured articles that are *similar in use* to earthenware mugs, an article enumerated in paragraph 211, may be classified under paragraph 211 by similitude in use to such earthenware mugs, notwithstanding they are of plastic materials which do not have a nonvitrified absorbent body.

The argument which plaintiff advances is that, however similar the two articles are in their use, no plastic mugs may be so classified unless they, too, are composed of the nonvitrified and absorbent material that is described in paragraph 211 for earthenware articles. It is plaintiff's contention that the so-called exclusionary rule excludes from paragraph 211 classification, by virtue of similitude in use, articles such as these mugs which do not possess the so-called exclusionary feature.

This is an issue that has long been litigated, both under the predecessor paragraph 1559 and, more recently, under paragraph 1559 as amended by the Customs Simplification Act of 1954. The issue is now before our appeals court in *J. E. Bernard & Co., Inc.* v. *United States*, 55 Cust. Ct. 17, C.D. 2549.

In the *Bernard* case, the writer of this opinion discussed at some length both the history of the judicial development of the so-called exclusionary rule and cases that reflect that history. It is not necessary to repeat that discussion here. My opinion stated in *Bernard* is reaffirmed. I am of opinion that the exclusionary rule does not bar similitude classification, by use, of these plastic mugs to mugs dutiable under paragraph 211.

The merchandise at bar in the *Bernard* case was plastic toilet roll holders which the collector had classified by similitude in use to toilet roll holders within the enumeration of paragraph 212. The following excerpt from my opinion in *Bernard* summarizes my views in that case.

The fact is that plastic toilet roll holders are excluded from direct classification under paragraph 212 because they are *not* the articles enumerated in paragraph 212, namely, china, porcelain, or other vitrified wares. These plastic toilet roll holders have no identity with the porcelain toilet roll holders of the enumeration. They are excluded

whether they have, or do not have, bodies that exhibit a vitrified fracture. Apart from the restrictive definition, they cannot be directly classified under paragraph 212.

The point of distinction we make is that, absent similarity of material (since the 1954 amendment) as a primary test of similitude classification, an article that is different from an enumerated article in every respect as to the material of which it is composed, may, nevertheless, be classified under the enumeration by similitude provided similitude in use is shown. That is the situation here. [P. 26.]

It is likewise the situation here.

(Judge Nichols concurred in the *Bernard* result on grounds stated in his opinion therein. Judge Richardson dissented. Although the latter stated in his opinion that he agreed with his "colleagues that plastic toilet roll holders are not properly classifiable under paragraph 212, Tariff Act of 1930, as modified, *by virtue of the similitude clause in paragraph 1559, as amended*" [emphasis added], a reading of my opinion in *Bernard* will indicate that I held to the contrary.

As above noted, appeal in *Bernard* is now pending.)

The First Division has expressed its opinion as to the effect of the 1954 amendment of paragraph 1559. In *B. Shackman & Company et al.* v. *United States*, 38 Cust. Ct. 30, C.D. 1839, the issue concerned similitude classification by virtue of paragraph 1559 *before* its amendment by the Customs Simplification Act of 1954, T.D. 53599. Instead of the present language , quoted *supra*, paragraph 1559 then provided for similitude classification of nonenumerated articles which are similar *"either* in material, quality, texture, *or* the use" [emphasis added] of the articles to which similitude classification is applied. Absent a record showing which of these alternative similitudes had been found by the collector, the court sustained the protest claim to nonenumerated classification.

However, when identical merchandise and an identical claim to that which had been construed in *Shackman, supra,* later came before the First Division in *S. S. Kresge Co. et al.* v. *United States*, 40 Cust. Ct. 145, C.D. 1974, involving an importation made after amendment of paragraph 1559 by the Customs Simplification Act of 1954, the First Division carefully reviewed the changed presumptions inherent in the changed statute, saying:

In the *B. Shackman & Company et al.* case, *supra*, the polystyrene paperweights under consideration were classified, by similitude, as articles of glass, blown or partly blown in the mold, under paragraph 218(f), as modified, *supra*, and plaintiffs' claim—which was sustained—was for classification as nonenumerated manufactured articles under paragraph 1558 of the Tariff Act of 1930. While the merchandise in question is identical, the collector's classifications invoke the same paragraph, and plaintiffs' claim is under the same provisions as those which were involved in the incorporated case, there is substan-

tial difference between the issue now before us and the questions that were presented in the *B. Shackman & Company et al.* case, *supra.* The distinction between the two cases lies in the change in statutory language relating to classification by similitude. * * *

* * * * * * *

In the *B. Shackman & Company et al.* case, *supra*, we rejected the element of use as a consideration for classification by similitude in use and stated as follows:

> * * * It may further be observed that paper weights, so called, similar in form and for the same use as paper weights of glass, "blown or partly blown in the mold or otherwise," are made also of metal and other substances, which materials are provided for generally in the tariff act. The application of the similitude provisions to the imported merchandise, therefore, with a consequent assessment of duty at the rate provided under paragraph 218(f), *supra*, for articles of blown glass, on the basis of an indicated use of the imported articles as paper weights similar to the use of certain articles of blown glass, in preference to the rates provided for manufactures of other materials, which manufactures are also used as may be the imported articles, namely, as paper weights, is not, in our opinion, justifiable. See, in this connection, the latest expression of our appellate court in *Maher-App & Company* v. *United States*, 44 C.C.P.A. (Customs) 22, C.A.D. 630, decided November 30, 1956.

The *Maher-App & Company* case, *supra*, involved certain artificial teeth. Excluding classification of the merchandise by similitude in use, the appellate court stated:

> It also seems proper to note, in connection with similitude of use that, as pointed out by appellant, it is a matter of common knowledge that artificial teeth are made of substances other than porcelain, including gold, enamel, and ivory, which are provided for *eo nomine* in the Tariff Act of 1930. If material, texture, and quality are disregarded, there appears to be no more reason for classifying the instant merchandise by similitude to porcelain teeth than to any of the other materials of which artificial teeth are made.

The reasoning followed by the appellate court in the *Maher-App & Company* case, as well as our reasoning in the incorporated case, concerning similitude in use, as set forth in foregoing quotations from both cases, cannot be applied in this case, where the statute has eliminated the characteristics of material, texture, and quality, and makes use, alone, the determining factor in classification by similitude.

The presumption of correctness attaching to the collector's classification by similitude in use herein includes a finding by the classifying officer that there are in the trade and commerce of the United States articles that meet requirements of similitude in use in a tariff sense with the polystyrene paperweights under consideration. In disputing the action of the collector, plaintiffs assumed the twofold burden of showing that the collector's classification is wrong, as well as proving the correctness of their claim for classification as nonenumerated manufactured articles. * * * [*Kresge, supra*, pp. 147–149.]

The trial court found that plaintiffs in *Kresge* had not sustained their burden of proof. The appeals court affirmed. *S. S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707. Referring to the difference between the holdings of the trial court in *Shackman* and in *Kresge*, our appeals court said:

No purpose would be served by discussing the decision of the lower court in *B. Shackman & Company et al.* v. *United States*, which record was incorporated herein. Even though the merchandise in that case was identical to that in the case at bar, the classification of the merchandise therein was made prior to amendment of section 1559, and furthermore, that case was not appealed to this court. [*Kresge*, 46 CCPA 100, at p. 104.]

Here the showing is clear that the plastic mugs at bar could not be classified directly under paragraph 211, even if they possessed (as they do not) the so-called exclusionary feature. They are plastic. They are not earthenware.

Similarity in use of the plastic mugs at bar to mugs that are dutiable under paragraph 211 has been shown, and there is no showing of similarity in use to any other mugs, nor is there claim to such similarity. I am of opinion, therefore, that similitude in use is the sole test to be applied. On the record and the law, the collector's classification is supported.

The protest claim under paragraph 218, having been abandoned, is dismissed. All other protest claims are overruled.

### CONCURRING OPINION

NICHOLS, Judge: I agree with Judge Donlon that the articles here in litigation cannot be classified directly under paragraph 211. Instead of being nonvitrified, they are vitrified; instead of being absorbent, they are nonabsorbent. The collector so classified them, as the papers show, under paragraph 211, *supra*, by similitude under paragraph 1559. He does not state whether by similitude of use, or material. Under the present 1559, he should have classified by similitude of use unless the articles equally resembled, as to use, two or more different articles. There is no particular reason this should be so, for different types of cups and mugs may and do have different uses. The involved articles and their alleged prototypes are not so similar in material as to indicate that the collector's classification was based on similitude of material. Apparently, as Judge Donlon says, the collector classified by similitude of use. There is nothing in the record to show he was wrong.

In *J. E. Bernard & Co., Inc.* v. *United States*, 55 Cust. Ct. 17, C.D. 2549, the case Judge Donlon refers to, all the difficulty arose from the fact that the paragraph there to be construed, 212, had been held, in *Maher-App & Company* v. *United States*, 44 CCPA 22, 26, C.A.D.

630, to contain language exclusionary of similitude classification. There is no like difficulty here because counsel have cited no authority, and I know of none, holding that paragraph 211 is or was exclusionary. The exclusionary language in paragraph 212 is that which requires that the body of the vitrified ware show when broken "a vitrified or vitreous, or semivitrified or semivitreous fracture." *Maher-App & Company* v. *United States, supra; Seattle Marine & Fishing Supply Co. et al.* v. *United States,* 45 CCPA 93, 97, C.A.D. 679; *S. S. Kresge Co. et al.* v. *United States,* 46 CCPA 100, 104, C.A.D. 707. There is no comparable language in paragraph 211.

The intent of the Congress must be our lodestar. *James F. White & Co.* v. *United States,* 23 CCPA 224, 228, T.D. 48061. I see nothing in paragraph 211 to suggest that it was intended to be exclusionary, even under the former language of paragraph 1559, construed in *Maher-App.* The Congress prescribed similitude to prevent merchandise, obviously competitive with *eo nomine* designated merchandise, from falling unfairly into low-rate basket classifications. Similitude has, thus, a strong and rational policy behind it, while exclusion of similitude often has the look of something inadvertently blundered into. I would not add new paragraphs or new language to the list of what is already regarded as exclusionary without some reason for thinking that is what the Congress really intended. Counsel suggest no such reason here and I can think of none. Hence, again as in *J. E. Bernard,* but for different reasons, I need not consider the question whether the new language of paragraph 1559 lifted the supposed exclusion previously existing.

The opinion of the First Division in *S. S. Kresge Co. et al.* v. *United States,* 40 Cust. Ct. 145, C.D. 1974, of course has great weight with me, but I cannot overlook that our appellate court in 46 CCPA 100, C.A.D. 707, disposed of that litigation in a manner more consistent with what I would prefer herein. The First Division's then view would imply that the amendment to paragraph 1559 in the Customs Simplification Act of 1954 was intended to apply to an unknown variety of articles previously barred from similitude classification by clauses construed as exclusionary, and that it would transfer them from basket clauses, usually at low rates, to similitude classifications, generally at higher rates.

The Congress is always aware of the fact that many rates are bound by trade agreements, and it can be expected to legislate in such a manner that our international obligations are respected. The proposal that has now eventuated in the TSUS was before it in 1954 in the same bill, H.R. 9476, that included the similitude amendments. Its attention was called to the fact that rate adjustments in the TSUS would have to be negotiated with trade agreement countries. No such necessity was pointed out in connection with the similitude

change, from which it might have been inferred that the latter would effect no rate changes; in general the purpose of the bill was "not to increase or reduce imports by change in rates." See testimony of Assistant Secretary H. Chapman Rose, Hearings before the Committee on Ways and Means, House of Representatives, 83d Congress, 2d session, on H.R. 9476, page 12. The whole theory of the several simplification acts was that they should receive support from persons entertaining all the different possible views as to tariff policy, precisely because they did *not* tamper with the rate structure. The amendment to paragraph 1559 seemed on its face to deal with *how* similitude classification is to be made, not *whether*, and it was supposed that the practice under the former language largely agreed with, but was better expressed by, the new language. The Congress must have supposed that its previous enactment of similitude classification was effective except as to the administrative difficulties Mr. Rose called to its attention. It did not have before it the summaries of court decision such as it usually employs when it considers rate changes. There was no representation that the scope of similitude needed extending because of court decisions or for any other reason.

If we are compelled to find that the Congress intended to change some rates in amending similitude in 1954, then we are so compelled, but if we are able to dispose of litigation before us on any other valid ground, it would seem on the whole that we should do so. I do not like to discover new and previously undetected exclusionary clauses at this late date, only to discover also that the Congress knocked them out in 1954 without knowing it was doing so.

If, however, paragraph 211 was exclusionary with respect to similitude under the former paragraph 1559, and if, as plaintiff claims, the new language effects no change, still another reason exists why plaintiff cannot prevail. Its sole claim, not abandoned, is under the basket clause, paragraph 1558. But it cannot get there unless the imported articles cannot be classified by similitude to any enumerated article. Plaintiff has offered no evidence or argument to satisfy me as to this. However short a way the concept of judicial notice goes, and I would not stretch it, *Maher-App Company, supra*, as I pointed out in *J. E. Bernard, supra*, is authority that the customary composition of articles in common use is not, judicially, ignored. Hence, we know that cups and mugs, more or less resembling the imports in use, are made of a variety of materials and may find direct classification under a number of tariff paragraphs. In such circumstances, plaintiff would have to show that such paragraphs are not available for similitude classification here. This may be difficult, but if we require less, it seems to me we are not properly protecting the policy of the Congress respecting similitude, which I believe is a strong one.

DISSENTING OPINION

RICHARDSON, Judge: The exclusionary rule which was applied to paragraph 212 in the case of *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630, is equally applicable to paragraph 211 in this case. This rule provides that: "No application of the similitude statute can put it into a classification from which it is expressly excluded." *Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, T.D. 43376, at page 85; see also *United States* v. *Steinberg Bros.*, 47 CCPA 47, 50, C.A.D. 727.

Paragraph 211 covers "earthenware * * * composed of a nonvitrified absorbent body" and, according to the United States Government Laboratory Report, the merchandise in issue in this case is a plastic mug composed of a "vitrified nonabsorbent body." The words "composed of a non-vitrified absorbent body" in paragraph 211 are words of exclusion just as the vitrification requirements of paragraph 212 were held to be in the *Maher-App* case, *supra*.

In the *Maher-App* case, the merchandise (plastic artificial teeth) was found not to be made of any material specified in paragraph 212, and it failed to exhibit when broken the type of fracture called for therein. Earthenware is made of fired clay, and plastic is not, so the subject merchandise is not made of any material which is specified in paragraph 211 and does not fall within the express limitation as to physical property contained in said paragraph.

Even though the *Maher-App* case was decided before the Customs Simplification Act of 1954, which amended paragraph 1559 to provide for similitude of use only, the issue presented was similitude of use. In a case decided subsequent to the Customs Simplification Act of 1954, the case of *Dental Perfection Company, Inc., and Frank P. Dow Co., Inc.* v. *United States*, 41 Cust. Ct. 323, Abstract 62180, also involving the classification of plastic artificial teeth, the Third Division incorporated the case of *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630, and followed the decision in that case, holding that the words "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture" in paragraph 212 "were not merely descriptive, but exclusionary, and that wares or articles which did not show such a fracture could not be covered by paragraph 212 through any application of the similitude paragraph, including similitude of use." The division also took cognizance of the Customs Simplification Act of 1954, which had not been enacted when the *Maher-App* case was decided, and unanimously held that "The amendment to paragraph 1559 by the Customs Simplification Act of 1954 (68 Stat. 1136) limiting similitude to similitude of use, does not warrant any different conclusion."

The fact that the type of fracture that follows the breaking of vitrified wares "composed of a vitrified nonabsorbent body" is expressed in paragraph 212 and the type of fracture that follows the breaking of earthenware "composed of a non-vitrified absorbent body" is not expressed in paragraph 211 does not make the language in the latter paragraph any less exclusionary than the language in the former paragraph. The composition of the physical properties of the merchandise you start with determines the type of fracture that follows when the merchandise is broken.

The imported merchandise does not have a nonvitrified absorbent body and, not meeting the statutory specifications, must be excluded from classification under paragraph 211 and should be classified under paragraph 1558, as a nonenumerated article, not specially provided for.