(C.D. 4035)

## J. E. BERNARD & CO., INC. v. UNITED STATES

United States Customs Court, First Division

(Decided June 15, 1970)

*Schwartz & Lidstrom* (*Barnes, Richardson & Colburn, Joseph Schwartz* and *Earl R. Lidstrom* of counsel) for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Arthur E. Schwimmer, Mollie Strum,* and *Glenn E. Harris,* trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: These consolidated cases involve plastic toilet roll holders that were imported from England via the port of Chicago in

1961 and 1962. The present dispute concerns the proper tariff rate to be levied on those of the importations that were classified by the government by similitude to porcelain sanitary ware under paragraph 212 of the Tariff Act of 1930, as modified, and assessed duty at the rate of 30 percent ad valorem. Plaintiff [1] challenges this assessment and claims the articles are properly dutiable at 19 percent by similitude to metal articles under paragraph 397 of the Tariff Act of 1930, as modified.[2] The pertinent provisions read as follows:

Par. 1559 (a), Tariff Act of 1930,
as amended, T.D. 53582

Par. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Par. 212, Tariff Act of 1930,
as modified, T.D. 54108

China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture * * *

\*     \*     \*     \*     \*     \*     \*

Sanitary ware and fittings and parts therefor _____ 30% ad val.

Par. 397, Tariff Act of 1930,
as modified, T.D. 54108

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*     \*     \*     \*     \*     \*     \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except

---

[1] Plaintiff is a customs broker acting on behalf of the importer—a corporation which is engaged in the business of selling plastic housewares.

[2] The imported plastic holders covered by protest 63/3374 were classified by the government by similitude to cellulose acetate articles under paragraph 31 of the Tariff Act of 1930, and assessed duty of 17 percent. This protest has been abandoned by plaintiff. Likewise, plaintiff has abandoned protests 63/11687, 64/1340 and 64/1343 in which the plastic holders were classified by the government by similitude to metal articles under paragraph 397 and assessed duty of 19 percent.

lead), but not plated with platinum, gold,
or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Not wholly or in chief value of tin or
tin plate:

\* \* \* \* \* \* \*

Other, composed wholly or in chief
value of iron, steel, brass, bronze,
zinc, or aluminum \* \* \*_____     19% ad val.

Only one witness—called by plaintiff—testified at the trial.[3] The testimony of this witness—who has been connected with the importer for some 13 years—established the following: The toilet roll holders in dispute are imported without rollers, which are added after importation. Each such holder has a water-active adhesive on the back to which water is added in order that it may be glued to the wall. In addition, there are other kinds of toilet roll holders on the market which (exclusive of the roller) are made of metal, plastic, ceramic, and metalized plastic. The metal, ceramic and metalized plastic holders are usually affixed to the wall with metal screws, while the plastic holders are affixed with glue or adhesive capsules. Also sold on the market are ceramic or porcelain holders, with rollers other than ceramic, which are part of the tile in the wall, thus obviating the need to drill holes and screw them into the wall. To the best of the witness' knowledge, there are no toilet roll holders made of any materials other than plastic or metal or vacuum-metalized plastic.

Further, the witness testified (1) that the imported plastic holder most resembles in material another specified holder also made of plastic because "they appear to be the same types of plastic: polystyrene plastic"; (2) that the imported plastic holder next most resembles in material a holder which is "also made of plastic, but which has a metal coating over the plastic," because the latter item—like the imported holder—is molded of plastic, albeit coated thereafter with a thin metal; (3) that the imported plastic holder next most resembles in material a ceramic holder because "[b]oth the plastic material and the ceramic material are breakable, or shatterable; [and] both are usually solid in color"; and (4) that by a process of elimination, the imported plastic holder next most resembles in material metal holders. The metal material, he pointed out, differs from plastic material in being more difficult to break and less likely to be found in color.

Finally, a report of the customs laboratory shows that the imported plastic holder "has a non-vitrified, non-absorbent body which when

---

[3] The record in *J. E. Bernard & Co., Inc.* v. *United States,* 53 CCPA 116, C.A.D. 886 (1966), was incorporated.

broken shows a vitrified, vitreous, semivitrified or semivitreous fracture."

Turning now to the legal aspects, the first problem is to determine whether the imported plastic holders were properly classified by the government by similitude to porcelain or ceramic ware under paragraph 212. We conclude for the reasons that follow that paragraph 212 is an exclusionary provision and that classification thereunder by similitude is therefore impermissible.

The exclusionary rule, it is to be noted, is a rule which precludes classification by similitude under a provision which contains a restrictive definition of the merchandise, or a specific limitation as to some property of the merchandise. Such a provision has been held to evidence a legislative intent to exclude from classification by similitude to the enumerated merchandise articles not encompassed within the restrictive definition or possessing the specified property limitation. *Alex W. Block Company* v. *United States*, 61 Cust. Ct. 412, 417, C.D. 3644, 294 F. Supp. 316, 321 (1968), and cases cited. Thus a provision for biscuits, breads, wafers, cakes and other baked articles "containing chocolate, nuts, fruit, or confectionery of any kind" could not be extended by similitude to include baked articles that did not include any of the ingredients expressly named. *United States* v. *Neuman & Schwiers Co.*, 6 Ct. Cust. Appls. 228, T.D. 35467 (1915). Similarly a provision for rugs "having a warp of cotton, hemp, or other vegetable substances," was construed to exclude from classification by similitude rugs lacking a warp. *Akawa, Morimura & Co.* v. *United States*, 11 Ct. Cust. Appls. 418, T.D. 39432 (1923). Other examples to like effect are as follows: A provision for "wines * * * and similar beverages" was held to preclude from classification by similitude liquids which were not beverages. *Porges & Levy* v. *United States*, 15 Ct. Cust. Appls. 298, T.D. 42474 (1927). See also *C. H. Arnold & Co.* v. *United States*, 20 CCPA 417, T.D. 46259 (1933). A provision covering "mixtures containing sugar and water, testing * * * above 50 sugar degrees" could not be expanded by similitude to mixtures testing less than 50 sugar degrees. *Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, T.D. 43376 (1929).[4]

It is against this background that in *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630 (1956), it was held that the provision in paragraph 212 of the Tariff Act of 1930 (the same provision as is involved here) for vitrified wares "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous or

---

[4] Similarly, a provision for synthetic textiles made from "cellulose, cellulose hydrate, a compound of cellulose or a mixture containing any of the foregoing" was held to exclude classification by similitude of synthetic fabrics not made from any of the foregoing. *United States* v. *Steinberg Bros.*, 47 CCPA 47, C.A.D. 727 (1959).

semivitrified or semivitreous fracture" excluded classification by similitude of plastic teeth which did not show the specific fracture when broken. As the court pointed out (44 CCPA at 26–27):

> We are of the opinion that the limitation in paragraph 212 to materials which show a particular kind of fracture is not merely descriptive but exclusionary. It seems evident that, if the paragraph did not name any specific materials but provided broadly for wares which "when broken show a vitrified or vitreous or semivitrified or semivitreous fracture," then under the doctrine of the *Cresca* case, it could not include by similitude any wares which did not show such a fracture. It is not apparent why the fact that the paragraph additionally includes *eo nomine* limitations should increase the number of wares which could be included under it.
>
> As we interpret paragraph 212, the reference to the type of fracture is not merely a further description of "China, porcelain, and other vitrified wares" but is a definite limitation on the materials which may be classified under the paragraph, just as the references to sugar content in the *Cresca* case, and to chocolate, nuts, fruit, and confectionery in the *Neuman & Schwiers Co.* case were.
>
> \*    \*    \*    \*    \*    \*    \*
>
> Appellee argues that since the similitude relied on here is that of use, the fracture limitation, which relates to material, quality, or texture, must be disregarded. In our opinion, however, as was stated in the *Cresca* case, no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph. The cakes involved in the *Neuman & Schwiers Co.* case, which did not include chocolate, nuts, fruit, or confectionery, were no doubt similar in use to cakes containing one or more of those ingredients, but it was nevertheless held that they could not be included by similitude under a paragraph calling for such ingredients. Similarly, porcelain teeth which did not show the specified fracture would be similar in use to those that did, but appellee agrees that the former could not be included under paragraph 212 by similitude.

It is to be added that *Maher-App* and the other cases listed above involved goods entered before the Customs Simplification Act of 1954, 68 Stat. 1137. Since the imports involved here were entered after passage of that act, it is important to consider—to the extent relevant—what changes the act mandated. As originally enacted, paragraph 1559 (a)—the similitude clause—provided that a nonenumerated article which was similar, either in material, quality, texture or use to any enumerated, dutiable article, should be subject to the rate of duty levied on the enumerated article which it most resembled in any of the particulars mentioned. As amended by the Customs Sim-

plification Act of 1954, paragraph 1559 (a) restricted the similitude to that of use and provided also that if a nonenumerated article equally resembled in use two or more articles, it should be subject to the rate of duty applicable to the one which it most resembled with respect to material. *Air Express Int'l Agency, Inc., et al.* v. *United States,* 46 Cust. Ct. 163, 165, C.D. 2251 (1961); *Ignaz Strauss & Co., Inc., et al.* v. *United States,* 45 Cust. Ct. 161, 164–65, C.D. 2218, 189 F. Supp. 259, 261–62 (1960). See also S. Rept. 2326, 3 U.S. Code Cong. & Adm. News (1954), p. 3904.

The purpose of the amendment, the legislative history makes clear, was to simplify the problem of classifying articles that were not enumerated in the tariff act. See Hearings before House Committee on Ways and Means on H.R. 9476 (83d Cong., 2d Sess., 1954), pp. 10, 11, 13. And from the language of the amendment, it is manifest that this purpose was accomplished by changing the *test* of similitude under paragraph 1559 to that of use (except where an article equally resembled in use two or more articles). However, no change was made in the exclusionary rule. Nor is there anything in the legislative history even remotely suggesting that Congress intended to make any such change. The fact is that when Congress amended paragraph 1559— the similitude provision—it must have been aware of the exclusionary rule. Yet it chose not to change that rule, while at the same time it changed the similitude statute. In this connection, it would have been a simple matter to specify in the amendment to paragraph 1559 that that paragraph was to apply to articles which are enumerated in a tariff provision even if that provision contained limiting or excluding language. Failure to use such language is clear indication that no change in the exclusionary rule was intended. *Cf.,* e.g., *Star-Kist Foods, Inc.* v. *United States, et al.,* 45 CCPA 16, 18, C.A.D. 666 (1957).

In short, we conclude that the Customs Simplification Act of 1954 made no change whatever in the exclusionary rule—which conclusion, we hasten to add, is supported by the consistent decisions of this court. For example, in two cases arising after the 1954 amendment and involving plastic teeth that were similar in all material respects to those involved in *Maher-App,* the Third Division followed the rule laid down in *Maher-App* and held that the exclusionary rule was not changed by the 1954 amendment. *Dental Perfection Company, Inc., et al.* v. *United States,* 41 Cust. Ct. 323, Abstract 62180 (1958); *Air Express Int'l Agency, Inc., et al.* v. *United States,* 46 Cust. Ct. 163, C.D. 2251 (1961). Thus, the majority of the Division stated in *Air Express* (46 Cust. Ct. at 166):

> Since the collector classified the instant merchandise under paragraph 212 of the Tariff Act of 1930, as modified, by virtue

of the similitude clause of paragraph 1559, as amended, it is presumed that he found that plastic artificial teeth were not enumerated in the tariff act; that they most resembled in use porcelain artificial teeth, or that they equally resembled in use porcelain teeth and other enumerated articles but most resembled porcelain artificial teeth in respect to the materials of which they were composed. *However, merchandise not having the specified fracture is excluded from classification under paragraph 212 by any application of the similitude statute; therefore, the collector's classification is erroneous.* \* \* \* [Emphasis added.]

Similarly, in *A. W. Ronald Associates* v. *United States*, 46 Cust. Ct. 264, C.D. 2267 (1961)—which likewise involved a challenge to the government's classification by similitude under paragraph 212—a majority of the Third Division reaffirmed that the rule of *Maher-App* applied to goods entered *after* the Customs Simplification Act of 1954 and that "no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph." 46 Cust. Ct. at 267.[5]

Also in the incorporated case—which involved plastic toilet roll holders entered after the 1954 act—two of the three judges of the Third Division agreed that paragraph 212 was exclusionary. *J. E. Bernard & Co., Inc.* v. *United States*, 55 Cust. Ct. 17, C.D. 2549 (1965), *aff'd* 53 CCPA 116, C.A.D. 886 (1966). Thus, Judge Nichols stated, "The exclusionary clause in paragraph 212 requires an article classified under that paragraph to consist of a vitreous nonabsorbent body which when broken shows a vitreous or semivitreous fracture. It is conceded the import does not meet this test. \* \* \* Hence, I would hold that the collector's classification under paragraph 212 is of necessity wrong \* \* \*." 55 Cust. Ct. at 28. Judge Richardson said, "The language of paragraph 212 excludes merchandise which does not show, as the imported merchandise does not, a vitrified or vitreous or semivitrified or semivitreous fracture, even though the similitude relied upon is that of use." Id. at 29–30. Judge Donlon, on the other hand, was of the view that by virtue of the 1954 amendment there can be no exclusion by similitude unless the imported article is the *same* as the enumerated article, except for some limitation or restriction on the enumeration. In other words, in Judge Donlon's opinion, the articles must be the *same* except for some limitation in the paragraph applied before the exclusionary rule is applicable. We cannot agree. For there is no logic in holding that if the imported article is the *same* as an enumerated article (except for some restriction on the enumeration), then similitude is applicable; but that if the imported article is *different*

---

[5] To like effect, the Second Division has held that the exclusionary rule was not affected by the 1954 amendment. *New York Merchandise Co., Inc.* v. *United States,* 54 Cust. Ct. 199, C.D. 2533 (1965).

from an enumerated article (except in use), then similitude is not applicable. Nor do the cases support such a position. To the contrary, the cases hold that the similitude provision (1) applies only to articles which are different and distinct from the enumerated article; (2) has no application to articles which are of the same material as the enumerated article; and (3) is not applicable to an article made of the same material as the enumerated article but in a different condition. See *Alex W. Block Company* v. *United States, supra*, 61 Cust. Ct. at 416, 294 F. Supp. at 320, and the cases there collected.

With further reference to the incorporated *Bernard* case, the Third Division unanimously denied plaintiff's principal claim that the toilet roll holders should be classified as a nonenumerated article under paragraph 1558 on the ground that even if a nonenumerated article is excluded from classification by similitude to one enumerated article, this does not automatically prevent its classification by similitude to other imported articles which the imported article next most nearly resembles. See *A. L. Erlanger Co., Inc.* v. *United States*, 51 CCPA 51, C.A.D. 836 (1964). Judges Donlon and Nichols so held on the basis that the importer had failed to sustain its burden of proof by failing to show what kind of toilet roll holders the imported holders most resembled in material. Judge Richardson, in dissent, was of the opinion that the case should be restored to the calendar for submission of additional evidence. On appeal, the Court of Customs and Patent Appeals did not reach the question as to whether paragraph 212 was exclusionary, but rather affirmed on the ground that the importer had failed in its burden of proof. *J. E. Bernard & Co., Inc.* v. *United States, supra*, 53 CCPA 116. As will be discussed below, this deficiency of proof has now been supplied in the present case.

Summing up, it is clear from what has been said that the language of paragraph 212, "which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture * * *," is exclusionary. And by the same token, it is equally clear that the language of paragraph 212 to which it is tied, "composed of a vitrified nonabsorbent body," is just as exclusionary. In this connection, it will be observed that the language "composed of a vitrified nonabsorbent body" is quite unlike the language "Combs, composed wholly of horn, or composed of horn and metal" (*Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls. 203, T.D. 31946 (1911)) or the language "Bottle caps of metal" (*Nevin* v. *United States*, 5 Ct. Cust. Appls. 423, T.D. 34945 (1914)) or even the language "any * * * product of which any synthetic resin or resin-like substance is the chief binding agent" (*Universal Foreign Service, et al.* v. *United States*, 46 Cust. Ct. 258, C.D. 2266 (1961))—all of which were held to be descriptive and not exclusionary. We hold, in

brief, that since the articles here in issue are not "composed of a vitri-fied nonabsorbent body which when broken shows a vitrified or vitreous or semivitrified or semivitreous fracture," they are excluded from classi-fication by similitude under paragraph 212.

We turn now to plaintiff's affirmative claim that the merchandise is classifiable by similitude to articles of metal under paragraph 397. On this phase, we note at the outset that the record establishes *prima facie* that the only toilet roll holders of commerce are made of plastic, ceramic and metal. There is no evidence to the contrary.[6] Further, it is clear that the plastic holders in controversy are used in the same way as metalized plastic holders, ceramic holders and metal holders. Since the various toilet roll holders which are on the market equally resemble one another in the use to which they may be applied, the plastic hold-ers in issue are subject, under the mandate of paragraph 1559(a), to the rate of duty applicable to the articles which they most resemble in respect of the material of which they are composed. See *Ignaz Strauss & Co., Inc., et al.* v. *United States*, 45 Cust. Ct. 161, 167, C.D. 2218, 189 F. Supp. 259, 264 (1960).

As to this, the testimony of the witness for the plaintiff established (as we have seen) that the imported holders *most* resembled in ma-terial plastic holders; next most resembled in material ceramic hold-ers; and least most resembled in material metal holders. However, since plastic roll holders are not enumerated in the Tariff Act of 1930, the imported holders are precluded by paragraph 1559(a) from being classified by similitude to plastic holders. Nor—as previously dis-cussed—are the imported holders properly classifiable by similitude to ceramic holders under paragraph 212 because of the exclusionary rule.

But the fact that the imported plastic holders cannot be classified by similitude to other plastic holders which they most resemble in material, or to ceramic holders which they next most resemble in ma-

---

[6] In the incorporated case, the opinion of Judge Donlon states that it is a matter of common knowledge "that toilet roll holders are sometimes made of materials other than plastic and porcelain. Most people have seen such holders, made of metal or of wood." *J. E. Bernard & Co., Inc.* v. *United States, supra*, 55 Cust. Ct. at 25. In its decision of affirmance, the appellate court said, "[w]e find no error below by virtue of the court's taking judicial notice that toilet roll holders are made of wood and metal." 58 CCPA at 120. In light of the testimony in the present case that the only *holders* on the market are composed of materials other than wood, it may be that what Judge Donlon and the appellate court were referring to were *rollers*—as distinguished from *holders*—which rollers, as is commonly known, are sometimes made of wood. But it will be recalled that rollers were not part of the present importation. In any event, the fact that the matter was judicially noticed at the prior trial does not mean that it was settled conclusively; it merely means that it was "taken as true without the offering of evidence by the party who should ordinarily have done so. This is because the Court *assume[d]* that the matter * * * [was] so notorious that it * * * [would] not be disputed. But the *opponent is not pre-vented from disputing* the matter by evidence * * *." Wigmore on *Evidence* 3d ed., § 2567). [Emphasis in original.] And this plaintiff has done by the evidence in the present record.

terial, does not mean that they cannot be classified by similitude to metal holders which they least resemble in material. For even though a nonenumerated article is excluded from classification by similitude to one or more enumerated articles, this does not necessarily prevent its classification by similitude to other enumerated articles which it next most nearly resembles. In other words, the fact that similitude to *some* enumerated articles is precluded does not render the similitude provision "bereft of vitality." *A. L. Erlanger Co., Inc.* v. *United States, supra,* 51 CCPA at 56. See also *J. E. Bernard & Co., Inc.* v. *United States, supra.,* 53 CCPA at 120.

Since the record shows that aside from plastic and ceramic holders the only holders on the market are made of metal, the imported holders must be classified by similitude to holders of metal—which holders would be properly classified as articles of metal under paragraph 397 of the Tariff Act of 1930, as modified, at the rate of 19 percent ad valorem.

The protests are sustained, and judgment will be entered accordingly.