(C.D. 4182)

NATIONAL SILVER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 26, 1971)

*Stein & Shostak* (*S. Richard Shostak* and *Marjorie M. Shostak* of counsel) for the plaintiff.

*L. Patrick Gray III,* Assistant Attorney General (*Sheila N. Ziff, Morris Braverman,* and *Andrew P. Vance,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: These two protests, consolidated for trial, involve plastic double wall mugs imported from Hong Kong and entered at the Los Angeles and San Diego ports of entry in 1962 and 1963.

Following what appears was its practice in 1962 and 1963 at both ports, customs classified the mugs by similitude (paragraph 1559, Tariff Act of 1930, as amended) to earthenware mugs, composed of a

nonvitrified absorbent body, of a kind denominated tableware, provided for in paragraph 211, as modified, and dutiable at 10 cents per dozen pieces and 40 per centum ad valorem.

Plaintiff's protests project a number of claims. Principally, plaintiff claims that the plastic double wall mugs should be classified under paragraph 1558, as modified, the basket 1930 Tariff Act provision assessing all manufactured articles, not directly provided for in the tariff act, at 10 per centum ad valorem. Alternatively, if the similitudes specified in paragraph 1559 are applicable to plastic double wall mugs, plaintiff claims that the plastic mugs should be classified by similitude to mugs of a class composed wholly or in chief value of glass, when pressed or unpolished, dutiable under paragraph 218(g) at 25 per centum ad valorem.

In open court on the day of trial, plaintiff amended the protests to additionally claim classification of these plastic mugs by similitude to mugs of a class made of Rockingham earthenware, dutiable under paragraph 210 of the 1930 Tariff Act; or of a class of table and kitchen utensils composed of iron or steel and enameled, dutiable under paragraph 339. Plaintiff, however, has not briefed the similitude claims under paragraphs 210 and 339 and we conclude that those claims are abandoned. *United Metal Goods Mfg. Company* v. *United States*, 46 CCPA 120, 121, C.A.D. 712 (1959). There is left for us to consider, therefore, only the customs classification by similitude under paragraph 211, and, in the order presented, plaintiff's claims under paragraph 1558 and by similitude under paragraph 218(g), in the context of paragraph 1559.

The relevant statutory provisions brought before us provide as follows:

Paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, 89 Treas. Dec. 242, T.D. 53599:

> Par. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in the Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*

Paragraph 211 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by T.D. 53877:

| Tariff Act of 1930 paragraph | Description of Products | Rate of duty |
|---|---|---|

211 Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semi-porcelain earthenware, and cream-colored ware, terra cotta, and stoneware, including clock cases with or without movements, pill tiles, plaques, ornaments, charms, vases, statues, statuettes, *mugs* [emphasis added], cups, steins, lamps, and all other articles composed wholly or in chief value of such ware; all the foregoing, whether plain white, plain yellow, plain brown, plain red, plain black, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for:

Tableware, kitchenware, and table and kitchen utensils:

Plates not over 6⅝ inches in diameter and valued over 40 but under 75 cents per dozen, or over 6⅝ but not over 8⅛ inches in diameter and valued over 50 but under 90 cents per dozen, or

over 8⅛ but not over 9⅛ inches in diameter and valued over 70 cents but under $1.30 per dozen, or

over 9⅛ inches in diameter and valued over $1 but under $1.55 per dozen;

cups, valued over 50 cents but under $1 per dozen;

saucers, valued over 30 but under 55 cents per dozen; and

articles which are not plates, cups, or saucers and which are valued over $1 but under $2 per dozen articles; all the foregoing_____ 10¢ per doz. pieces and 40% ad val.

Paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1558 | Articles manufactured, in whole or in part, not specially provided for (except the following: coconut shell char; dog food; marine glue pitch; synthetic rubber and synthetic rubber articles; tall oil or liquid rosin; textile grasses or fibrous vegetable substances; and edible preparations for human consumption other than yeast) _____ | 10% ad val. |

Paragraph 218(g) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 218(g) | Table and kitchen articles and utensils, composed wholly or in chief value of glass, when pressed and unpolished, whether or not decorated or ornamented in any manner or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), whether filled or unfilled, or whether their contents be dutiable or free_____ | 25% ad val. |

The plastic double wall mugs in this case are in fact nonenumerated manufactured articles, not specially provided for, under paragraph 1558. *National Silver Co.* v. *United States*, 56 Cust. Ct. 401, C.D. 2666 (1966); *Zenith Novelty Co. et al.* v. *United States*, 49 Cust. Ct. 215, Abstract 67011 (1962). Before an imported article can be classified as nonenumerated under paragraph 1558, however, it must be shown that paragraph 1559 is not applicable, that is, that the imported article is not similar in use to any dutiable article enumerated in the 1930 Act, *J. E. Bernard & Co., Inc.* v. *United States*, 53 CCPA 116, C.A.D. 886 (1966), either in general terms or by *eo nomine* designation, *United States* v. *Wecolite Co.*, 45 CCPA 54, 57, C.A.D. 672 (1958). Similitude is a question of fact to be determined from the evidence. *United States* v. *F. W. Myers & Co., Inc.*, 29 CCPA 34, 43, C.A.D. 168 (1941). The customs classification under paragraph 211 by similitude is presumed to be correct, and "the presumption includes the presence of all facts necessary to support that classification". *F. H. Kaysing* v. *United States*, 49 CCPA 69, 72, C.A.D. 798 (1962).

Plaintiff contends that the customs classification by similitude is erroneous because the classifying provision in paragraph 211 for earthenware that is tableware, composed of a "nonvitrified absorbent body" excludes therefrom, directly or by similitude, tableware which does not have a "nonvitrified absorbent body".[1] However, we need not discuss the exclusionary rule cited by plaintiff unless there is evidence establishing the claimed classification relied on by plaintiff. *J. E. Bernard & Co., Inc., supra.*

The evidence of record includes samples of the plastic double wall mugs in various conditions as follows:

*Exhibit 1* – in the condition imported.

*Exhibit 2* – in the condition imported with a printed sticker attached reading, *inter alia*, in the order of the prominent and less prominent print, "DUO TEMP Keeps Drinks Hot Keeps Drinks Cold Wash in Lukewarm Water Insulated Doublewalls".

*Exhibit 3* – in a condition that the plastic mug can be taken apart to show that it consists of a clear plastic outer shell with a handle; a solid colored inner plastic shell, without a handle, that fits inside the outer shell and gives the mug its double wall, and a decorative interliner of cloth or paper that fits between the walls which are glued together under pressure.

*Exhibit 4* – in a deformed condition illustrating how plastic mugs become warped under the steam and pressure of heat if washed in a dishwasher.

*Exhibit 7* – in a condition illustrating the shatter pattern of a damaged plastic double wall mug.

There are also in evidence samples of mugs made of various materials of a class allegedly dutiable under the Tariff Act of 1930, as follows:

*Exhibit 5* – a mug with a chipped lip, concededly made of earthenware.

*Exhibit 6* – a glass mug.

*Exhibit 10* – a mug allegedly made of Rockingham earthenware.

*Exhibit 11* – a metal mug coated with porcelain enamel.

Defendant does not challenge the fact that the above samples are "mugs". Cf. *National Silver Co.* v. *United States*, 64 Cust. Ct. 92, C.D. 3964 (1970), appeal pending (No. 5406). Defendant's exhibit A, an earthenware drinking vessel exhibiting a partial double wall of sorts, is of little or no probative value for the reason that plaintiff disputes the fact that it is a "mug". There is no proof that it is.

---

[1] For an incisive discussion of so-called exclusionary tariff provisions, as distinguished from descriptive tariff provisions, see *J. E. Bernard & Co., Inc.* v. *United States*, 64 Cust. Ct. 556, C.D. 4035 (1970), appeal dismissed November 3, 1970 (No. 5423) ; see also, separate opinions of three judges in *National Silver Co.* v. *United States*, 56 Cust. Ct. 401, C.D. 2666 (1966), appeal dismissed, 53 CCPA 155 (No. 5259), on the exclusionary rule vis-a-vis paragraph 211 and paragraph 1559.

Plaintiff's exhibits 8 and 9 are plastic double wall tumblers, with no handles; they are respectively a tall drinking 11-ounce style, and a 14-ounce so-called old-fashioned glass style, imported and entered at Los Angeles at the same time as the plastic mugs in this litigation. Customs classified said exhibits by similitude to glass tumblers of the class dutiable under paragraph 218 at 25 per centum ad valorem. Plaintiff cannot rely on the customs classification of such plastic tumblers to sustain classification of these plastic mugs under paragraph 218 since "it does not prove that * * * [the] classification [of the plastic tumblers] was right nor that the classification of the * * * [plastic mugs] is incorrect". *Diamond Trading Co., Ltd., et al.* v. *United States*, 54 Cust. Ct. 70, 76, C.D. 2510 (1965).

Quite literally, the only use attested to in this record for mugs of whatever material made is to contain, hold, and serve hot and cold liquids. Plaintiff's witnesses testified that when used to hold hot and cold liquids, plastic double wall mugs keep the liquid hotter or colder for a longer period than do mugs made of other materials; that plastic double wall mugs do not perspire, mar or leave rings when placed directly on furniture as do mugs of other materials; and that you can pick up a hot drink in a plastic double wall mug by grasping the body of the mug instead of the handle, which is not practical to do with other mugs. Additionally, plastic double wall mugs cannot be washed in a dishwasher in the fashion that other mugs can.

Plaintiff argues that the differences in heat retention, condensation, insulation, and method of washing, establish that plastic double wall mugs are used differently from other mugs of a class dutiable under the 1930 Tariff Act and that they are, therefore, not dutiable by similitude, but dutiable under paragraph 1558, as nonenumerated manufactured articles. Assuming, as both parties seem to accept, that holding or serving hot and cold drinks is the appropriate criterion for testing the substantial sameness in the mode and productive result of the use of all mugs, *United States* v. *Wecolite Co.*, *supra*, of whatever material made, we are of the opinion that the differences alluded to establish only that the various materials of which mugs are made characteristically react differently to hot and cold drinks. As defendant points out in its brief, such proof falls short of establishing that the differences in fact substantially affect the mode of use and productive result of using mugs to hold hot and cold liquids. Compare, *Scientific Packaging Corp. et al.* v. *United States*, 54 Cust. Ct. 38, C.D. 2505 (1965), affirmed *Id.* v. *Id.*, 53 CCPA 34, C.A.D. 873 (1966); *Seattle Marine & Fishing Supply Co. et al.* v. *United States*, 38 Cust. Ct. 163, C.D. 1857 (1957), affirmed *Id.* v. *Id.*, 45 CCPA 93, C.A.D. 679 (1958); *J.M.P.R. Trading Corp., Alltransport, Inc.* v. *United States*, 43 CCPA 1, C.A.D. 600 (1955); *Jomac-North, Inc.* v. *United States*,

48 Cust. Ct. 119, C.D. 2321 (1962), some of which are cited by defendant, with *F. B. Vandegrift Co., Inc.* v. *United States*, 59 Cust. Ct. 438, C.D. 3181 (1967) ; *Marmax Trading Corp.* v. *United States*, 58 Cust. Ct. 255, C.D. 2955 (1967) ; *Zenith Novelty Co. et al.* v. *United States*, 49 Cust. Ct. 215, Abstract 67011 (1962), cited and relied on by plaintiff.

While it may be that people choose to use plastic double wall mugs instead of mugs of other materials for substantially different reasons that might affect the mode of use, cf. *Ace Importing Co., Inc.* v. *United States*, 50 Cust. Ct. 226, Abstract 67488 (1963) [plastic paperweights], we cannot "supply from imagination the essentials in which the proofs are deficient". *United States* v. *Malhame & Co.*, 19 CCPA 164, 171, T.D. 45276 (1931).

Paragraph 218(g), which is plaintiff's alternative claim by similitude, *inter alia*, classifies table and kitchen articles and utensils, composed wholly or in chief value of glass, *pressed and unpolished*. There is no proof that the prototype glass mug is of the class *pressed and unpolished*, dutiable under paragraph 218(g). *Friedlaender & Co., Inc.* v. *United States*, 8 Cust. Ct. 528, 530, Abstract 47232 (1942). These plastic double wall mugs cannot be classified by similitude to glass mugs of a class dutiable under paragraph 218(g), unless there is proof of a prototype glass mug that meets the specifications for classification under paragraph 218(g). *S. S. Kresge Co., et al.* v. *United States*, 46 CCPA 100, 103, C.A.D. 707 (1959) ; *Styson Art Products Co.* v. *United States*, 65 Cust. Ct. 426, C.D. 4118 (1970).

The above considerations make it unnecessary to pursue or discuss plaintiff's contention that the imported plastic double wall mugs most resemble in material glass mugs of the class dutiable under paragraph 218(g).

The protests are overruled. Judgment will enter accordingly.